The People of the State of New York ex rel. Joseph E. Smith, Relator, v. Frederick W. Wurster, Commissioner of the Fire Department of the City of Brooklyn, Respondent.

*Certiorari — what papers will be considered by the court — denial of a conclusion of law.*

In determining the question as to whether a person should be held to be a member of the force for extinguishing fires in the city of Brooklyn, upon the return to a writ of certiorari to review the proceedings of the fire commissioner of said city in discharging such person, the court will consider the petition for the writ and the affidavits annexed thereto as well as the return. The denial of a conclusion of law in the return is a futile method of defeating the relator.

Certiorari issued out of the Supreme Court, and attested the 19th day of March, 1894, directed to Frederick W. Wurster, commissioner of the fire department of the city of Brooklyn, commanding him to certify and return to the office of the clerk of the county of Kings all matters in reference to the appointment or appointments of Joseph E. Smith as a member of the fire department of the city of Brooklyn and all proceedings and testimony had and taken touching the removal of said Joseph E. Smith from membership in said department, and also to return a full answer to the allegations contained in the petition of the said Joseph E. Smith.

*Edward F. O'Dwyer*, for the relator.

*Albert G. McDonald* and *H. O. Wood*, for the respondent.

Pratt, J.:

Considering all the circumstances I think plaintiff should be held to be a member of the force for extinguishing fires.

To determine the question the court will consider the petition for the writ and affidavits annexed thereto as well as the return. The denial of a conclusion of law in the return is a futile method of defeating the relator. The latter was certainly not employed as a laborer, but as a necessary member of the fire force. It is clear he was originally appointed on the force where he served for nearly ten years after having qualified regularly. It is too late, and too

transparent a fiction to succeed, to claim the relator is not on the force.

The judgment should be for relator.

Brown, P. J., and Dykman, J., concurred.

Determination annulled and relator restored to his position, with fifty dollars costs and disbursements.