[S. F. No. 2486.    Department One.—June 4, 1903.]

## GEORGE P. MAXWELL, Appellant, v. BOARD OF FIRE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CHARTER OF SAN FRANCISCO—FIRE DEPARTMENT—APPOINTMENT OF SEC-
RETARY—FORMER CLERK—MANDAMUS.—Under the charter of San
Francisco, which took effect in January, 1900, the fire department
was only entitled, in reorganizing the force, to make appointment
from the force in service when the charter took effect of "officers
and members" whose salaries are fixed in chapter VIII of the char-
ter, which do not include the secretary of the board of fire commis-
sioners. The board is not required by the charter to select the
former clerk as secretary of the board, nor to select a member of
the fire department to that office; and *mandamus* will .not lie to
compel them to select the former clerk, whose office is not continued
in the new charter.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, for Appellant.

Galpin & Bolton, for Respondents.

VAN DYKE, J.—This is an appeal from a judgment ren-
dered in favor of the defendants upon an application for a
.writ of mandate. The petitioner (plaintiff) sought to compel
the defendants to appoint him to the position of secretary of
the board of fire commissioners, organized under the San
Francisco freeholders' charter. In the petition for the writ
it is stated that the San Francisco fire department was organ-
ized under the act of March 28, 1878, (Stats. 1877-1878, p.
-685,) and on April 9, 1878, petitioner (plaintiff) was ap-
pointed a hook-and-ladder man in the hook-and-ladder com-
pany known as truck company No. 2; that he held that
position until he was appointed foreman of steam-engine
company No. 12, on September 25, 1879; and on June 6, 1883,
he was elected a hydrantman, and continued in the place until
April 28, 1888, when he was appointed clerk and storekeeper
for the corporation yard; that he held that place until Janu-

ary 9, 1889, when he was elected clerk of the fire department.

There are very few questions of fact in the case, the contention on the part of the petitioner being based mainly upon a construction of the law in reference to the fire department. Among the few questions of fact presented, the court found the following: "After qualifying to fill the office of clerk, specified and named in the concluding clause of section 3 of the act of March 28, 1878, mentioned in the second amended and supplemental petition, the plaintiff entered upon the discharge of the duties of his said office as clerk, on said ninth day of January, 1889, and thereafter continued to be, and was, the duly elected, qualified, and acting clerk in said department continuously to and until at the hour of noon, January 8, 1900. The plaintiff did not, at noon of January 8, 1900, or at any time thereafter, resign his said office of clerk aforesaid; nor was he, at noon of January 8, 1900, or at any time thereafter, removed from said office. But the plaintiff ceased to hold said office of said clerk at noon of January 8, 1900, by force of the provisions of the charter for the city and county of San Francisco, approved January 26, 1899, (Stats. 1899, p. 241,) and for no other reason whatever. Plaintiff has not held said office of clerk, nor acted as such clerk, since noon of January 8, 1900; nor has he, since noon of January 8, 1900, held any other office or position in the fire department."

The contention of the appellant here, as in the court below, is, that having been clerk of the fire department under the law of 1878, he was entitled to be appointed secretary of the board of fire commissioners under the provisions relating to the fire department in the freeholders' charter. Section 3 of the act of March 28, 1878, for the reorganization and regulation of the paid fire department of the city and county of San Francisco, specifies "the members and employees of said Fire Department," and after referring to the different places to be filled, mentions "one clerk, at a salary of one hundred and fifty dollars per month." (Stats. 1877-1878, p. 687.) Article IX of the freeholders' charter of the city and county of San Francisco, that took effect January, 1900, treats of the fire department. (Stats. 1899, p. 335.) The first section declares that the fire department shall be under the man-

agement of a board of fire commissioners, consisting of four members, who shall be appointed by the mayor, and specifies their qualifications and salary. And by section 2 the term of the commissioners is four years, and that those first appointed shall classify themselves by lot, so that they shall respectively go out of office at the expiration of one, two, three, and four years. Section 3 provides that commissioners so appointed shall be successors in office of the fire commissioners holding in the city and county of San Francisco at the time the charter goes into effect, by virtue of appointment under any statute or law of this state. Section 4 provides that the commissioners shall organize by electing one of their number president, who shall hold office for one year. ''The board may appoint a secretary, who shall perform such duties as the board may prescribe. He shall receive an annual salary of two thousand four hundred dollars.'' Chapter 2 of the same article provides for the reorganization of the fire department, and prescribes the duties of the board of fire commissioners in that respect. It directs that they shall in such reorganization make appointments of officers and members from the persons constituting the force in the service at the time the new charter goes into effect, and that such members shall not be required to pass civil service examination, but that all future appointments should be subject to such rules.

The position of clerk, as prescribed in the law of 1878, is not, in terms at least, contained in the new charter. By the old law, as shown, the clerk was required to be one of ''the members and employees of said fire department.'' No such qualification is required by the new charter in regard to the secretary. It simply declares that the board ''may appoint a secretary, who shall perform such duties as the board may prescribe.'' It cannot be said, therefore, that the secretary to the board under the new charter is the same office or place as the clerk mentioned under the old law.

Chapter 8 of article IX of the charter provides that ''the officers and members of the fire department shall receive annual salaries as follows,'' and then enumerates the different classes of officers and members, but does not mention the secretary of the board, nor any ''clerk'' of the fire department. It is a fair inference that the direction in chapter 2, that in

reorganizing the force the department shall make its appointments of "officers and members" from the force in service when the charter took effect, applies only to the "officers and members" whose salaries are fixed in chapter 8, and, as the secretary is not one of those enumerated, it would follow that the board is not required to select him from the members of the old fire department. From the foregoing, and from the nature of the office and the necessity of the greatest degree of confidence between the incumbent and the board, it would seem that it was the intention of the framers of the charter that the appointment of the secretary should be left to the discretion of the board.

Good policy would dictate that in the selection of persons to fill the various positions in the several departments of the municipal government those of experience in the particular lines in which the service is required, without regard to creed or political affiliations, should be taken. And there would be no constitutional objection to any legislation which would enjoin on the heads of departments, boards, or commissions, given the power to make such selections or appointments, the duty to observe this rule. The main purpose, of course, is the efficiency of the public service, and not the creation of a permanent office or place for any particular person. No one so selected can be said to have a vested right to the place or office for a life term.

*Mandamus* can only be issued to compel the performance of an act which the law especially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully excluded. (Code Civ. Proc., sec. 1085.)

In view of the foregoing, it cannot be said that the petitioner is entitled to the enjoyment of the right or office of secretary of the board of fire commissioners under the freeholders' charter, and that he is unlawfully precluded from holding such position or office by the respondents, the board of fire commissioners.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.