## CHARLES BUCKENDORF v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

October 28, 1910.

Nos. 16,690—(7).

**Fireman's pension roll — age limit.**

Plaintiff, a regular and permanent member of the fire department of Minneapolis, was dropped from the rolls on account of disabilities received while in the employ of the department. He was precluded from membership in the relief department by the fact that he was more than thirty-six years of age. He brought this action to require defendant to place him upon its

[1] Reported in 127 N. W. 1053, 1133.

pension rolls and to pay plaintiff such money as he may be entitled to.  It is *held* that under chapter 24, Laws 1907, he was entitled to the relief sought.

Action in the district court for Hennepin county to compel defendant to place plaintiff on its pension roll, and to pay him such money as he was entitled to by reason of his injuries received from exposure in the service of the Minneapolis fire department.

The complaint alleged that plaintiff was appointed to the Minneapolis fire department in March or April, 1892, as pipeman, and continuously had been in the employ of and connected with the department and actually performing the duties pertaining thereto until August, 1907; that plaintiff was carried on the rolls of the department until January 1, 1908, when he was dropped because of permanent and total disability which prevented him from performing the duties of a fireman; that defendant association derives most of its revenue from the state of Minnesota, and that it is its duty to provide relief and place upon the pension rolls all members of the association or Minneapolis fire department who become injured or totally disabled while in the employ of the fire department.

The answer admitted that technically plaintiff was a member of the fire department, but alleged that in fact his employment was that of blacksmith only; that during the whole period he never performed the duties of a fireman and was not a member of defendant association.  Plaintiff demurred to the answer on the ground that it did not state facts constituting a defense to the cause of action. The demurrer was overruled, Frederick W. Brown, J., with leave to reply.

The reply alleged plaintiff was actively employed in fighting fires; that when the repair department was installed he was assigned to the repair shop, but at all times remained on the rolls subject to active call and fire duty at all times; that on joining the department in 1892 he made application to become a member of defendant, but was denied membership because he was over thirty-six years of age, and that the provision of defendant association prohibiting the admission of members who were over thirty-six years of age was illegal.

The case was tried on stipulated facts before Holt, J., who found in

favor of defendant. From the judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*G. A. Will,* for appellant.

*Snyder & Gale,* for respondent.

On July 22, 1910, the court made the following order:

PER CURIAM.

The plaintiff and appellant has made no assignments of error. Ordered, that the case be put on the October term calendar of this court, on the second day thereof, with leave to appellant to supply the deficiency.

On October 28, 1910, the following opinion was filed:

JAGGARD, J.

Plaintiff was a regular and permanent member of the fire department of Minneapolis since 1892, until the first day of January, 1909, when he was dropped from the rolls on account of disabilities which were the result of exposure while in the employ of the department. He became totally disabled by sickness while performing his services as such fireman, and it was agreed that he would have been entitled to a pension of the first class as designated by its articles and by-laws, had he been a member of the department association. It appears, though not very definitely, that defendant's proposed application in the local fireman's relief association was not entertained, inasmuch as he was over thirty-six years of age and the by-laws provided: "No person shall be admitted to active membership herein [that is, in the local fireman's association] who shall have previously attained the age of thirty-six years." He brought this action to require defendant to place him upon its pension rolls and to pay plaintiff such moneys as he may be entitled to. The court denied the relief. This appeal was taken from a judgment to that effect.

In determining this present controversy, it is important to bear in mind the fundamental principle of hermeneutics that so far as reasonably may be the legislative intention should be effectuated.

The obvious intention of the laws here under consideration was to care for firemen who, in the nature of their occupation, are exposed to peculiarly dangerous hazards especially likely to result in death or in permanent disability and are precluded from availing themselves of the ordinary means of commercial profit. It was fitting and just, and, it is not here questioned, constitutional, that this provision should be made, and liberally construed.

The earlier acts relevant to this general subject are chapter 187, Laws 1885, chapter 44, Laws 1887, chapter 73, Laws 1895, chapter 55, Laws 1897, chapter 188, Laws 1901, and chapter 20, Laws 1903. This last-named act, together with chapter 55, Laws 1897, are in substance sections 1653–1655, R. L. 1905.

The law in force at the time of the commencement of this action respecting cities of over 50,000 population, and applicable to the case at bar, is found in chapters 24 and 331, Laws 1907 (R. L. Supp. 1909, §§ 1655—1 to 1655—11, 1655). The latter chapter provides for a service pension, and is expressly limited to any person who has been "a member of such fire department relief association at least ten (10) years prior to such retirement, and who complies with such additional conditions as to age, service and membership as may be prescribed by the certificate or by-laws of such association." It is obvious that plaintiff could not claim a pension under this act.

Chapter 24, Laws 1907, provides a pension, subject, however, to this provision: "That any one who has served or is serving on a paid municipal fire department shall be placed on the service pension roll, upon his making application for the same, when he has complied with the following conditions: (1) He shall have done active duty for a period of twenty years or more; (2) he shall have arrived at the age of fifty years or more; (3) he shall have been or shall be entitled to be retired from the service in the fire department; and provided, further, (4) that no service pension shall be paid to any person while he remains a member of the fire department." (The numerals are ours.) Section 2 of that act provides:

"The qualification as to age and term of service shall not apply to members of such fire department who make application for a pension on account of injuries or disabilities, which unfit them for the duties of an active fireman, and such relief association shall pay a

pension to such members, or to the widows and orphans of deceased firemen, in such sum, and under such limitations and conditions, as its articles of incorporation and by-laws shall provide and permit." Plaintiff, exempt from compliance with age and term service, because he had made application for a pension "on account of injuries or disability which [had made him] unfit for the duties of an active fireman," conformed to conditions numbered 2 and 3. He was therefore entitled to the relief here sought, unless deprived of it by section 8. That section reads:

"For the purpose of this act no substitute fireman, or any one serving on probation, or any fireman in a city having a relief association in its fire department who is not a member of such association, shall be deemed to be a fireman within the meaning of this act."

It is true that plaintiff was not a member of the local relief association. But this was not his fault. Under the statute he was entitled to that membership, although under its by-laws he was not. It was not competent for the by-laws of the relief association to limit its membership therein, by prescribing conditions of membership, which the statute did not authorize. In other words, that statute, and not the by-laws, determined the conditions of membership. Plaintiff was entitled to membership so far as relief from the state was concerned, although not so far as the fines, dues, etc., of the association are concerned. It is obvious that in this respect the law differs, from chapter 331, Laws 1907.

The constitutionality of the provisions as to compliance with the by-laws determined by the association it is unnecessary here to consider or to decide.

Reversed.