[Civ. No. 1083.    First Appellate District.—March 2, 1912.]

## CATHARINE BAKER, Respondent, v. BOARD OF FIRE PENSION FUND COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO, etc., and JAMES E. DILLON, N. GOLDBERG, JOHN DONOHUE, and E. E. PRAEFFLE, as Such Commissioners, Appellants.

FIREMAN'S RELIEF FUND OF SAN FRANCISCO—RIGHT OF WIDOW TO PENSION—MANDAMUS—DEMURRER TO PETITION—DEFAULT OF BOARD—CAUSE OF ACTION.—Where a peremptory writ of mandate to compel payment of a widow's pension out of the Firemen's Relief Fund of the city and county of San Francisco resulted from an order overruling a demurrer of the Board of Fire Pension Fund Commissioners to the petition for the alternative writ, and the default of the board to answer, it is held that the sole question to be determined, upon appeal from the judgment awarding the peremptory writ, is whether upon the admitted facts stated in the affidavit and petition for the writ a cause of action is stated.

ID.—KILLING OF FIREMAN "WHILE IN PERFORMANCE OF DUTY"—SUICIDE WHILE INSANE FROM INJURIES RECEIVED.—Where the affidavit and petition for the writ of mandate show that the deceased husband of the petitioner was a member of the fire department, and that while in the performance of his duty in driving a hose-wagon he received a broken back and other bodily injuries, by the overturning thereof upon him, and that as the result of such injuries he suffered great pain and anguish, which caused him to become

18 Cal. App.—28

insane, and that while so insane, and because thereof, he killed himself, about two months and a half after such serious injuries, it is held that under these circumstances the fireman was "killed while in the performance of his duty," within the meaning of section 5 of chapter VII, article IX, of the San Francisco charter, and that his widow was entitled to the pension demanded.

ID.—INJURIES PROXIMATE CAUSE OF DEATH.—The injuries received by the fireman may justly be said to have been the proximate cause of his death, and to have set in motion a train of events that, without the intervention of any outside and independent cause, resulted in his death, although his own hand inflicted the wound of which he died, while insane, since the self-inflicted wound was the result of the insanity, which was in turn caused by the injuries, which were thus, in effect, the proximate cause of his death.

ID.—GENERAL RULE AS TO SUICIDE WHILE INSANE.—It is a general rule that a suicide committed while insane is not considered a mere death by suicide within the terms of a contract, and that self-destruction by one bereft of reason can with no more propriety be ascribed to his own hand than to the deadly instrument that may have been used for that purpose, and was no more his act in the sense of the law than if he had been impelled by an irresistible physical force.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge. The final judgment was rendered in department 7, of which E. P. Mogan is the Judge. It was his decision on demurrer to the petition for the writ which is involved in the opinion on appeal; though in his personal absence, the final peremptory writ appealed from is shown by the record to have been signed by W. M. Conley, Judge, while presiding in that department. Further facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and J. F. English, Assistant City Attorney, for Appellants.

John T. Williams, for Respondent.

HALL, J.—This is an appeal from a judgment granting to plaintiff a peremptory writ of mandate against defendants, upon their refusal to answer after the overruling of their demurrer to plaintiff's petition, requiring defendants to grant, approve and allow a pension to plaintiff, as the widow of one

Frederick Joseph Baker, alleged to have been killed while in the discharge of his duty as a fireman of the city and county of San Francisco.

Section 5 of chapter VII, article IX of the San Francisco charter makes it the duty of the Board of Fire Pension Fund Commissioners to provide a pension in a designated amount, out of the Firemen's Relief Fund, for the widow of any "member or employee of the fire department who may be killed while in the performance of his duty."

The real question to be determined is, Do the admitted facts in the case show that Frederick Joseph Baker, the late husband of plaintiff, was killed while in the performance of his duty?

In this connection it may be noted that respondent claims that it is alleged in the complaint, and so admitted by demurrer, as an ultimate fact that said Baker was killed while in the performance of his duty. However, we think that from the whole record and the connection in which this allegation occurs it should properly be treated as a conclusion drawn by the pleader from the particular facts which are pleaded in detail. For the purposes of this discussion we shall so treat it, and the question then arises, Do the particular facts pleaded show that said Baker was killed in the performance of his duty as a member of the fire department?

In substance, these facts are that on the fifteenth day of June, 1910, said Baker, while in the performance of his duty in driving a hose-wagon, received a broken back and other bodily injuries, by the overturning of said hose-wagon; that as a result of such injuries he suffered great pain and anguish which caused him to become insane, and while so insane and because thereof he killed himself on the third day of September, 1910.

Under these circumstances, can it be said that Baker, within the meaning of the provisions of the charter, was "killed while in the performance of his duty"?

The trial court was of the opinion that he was, and accordingly directed that his widow be allowed the pension provided by law.

Neither side to the appeal has been able to cite to us any authority which may be said to be squarely in point. While

the case is not without difficulty, we think that the decision of the trial court was correct.

The injuries which Baker received may justly be said to have been the proximate cause of his death. They set in motion a train of events, operating from cause to effect, that, without the intervention of any outside and independent cause, resulted in his death.

We say that his death was not brought about by the intervention of any outside and independent cause advisedly, for although his own hand inflicted the wound of which he died, this was not an act for which he was either legally or morally responsible. Upon this phase of the argument the cases holding that suicide or self-destruction while insane does not exempt an insurer from liability under a policy excepting from the risk a death by suicide or the insured's own hand, where the insured commits suicide while insane, are illuminative. (See *Mutual Life Ins. Co.* v. *Terry*, 82 U. S. 580, [21 L. Ed. 236] ; *Breasted* v. *Farmers' Loan & Trust Co.*, 8 N. Y. 299, [59 Am. Dec. 482] ; *Newton* v. *Mutual Benefit Life Ins. Co.*, 76 N. Y. 426, [32 Am. Rep. 335] ; *Accident Ins. Co.* v. *Crandal*, 120 U. S. 527, [30 L. Ed. 740, 7 Sup. Ct. Rep. 685].)

It has been said that "self-destruction by a fellow-being bereft of reason can with no more propriety be ascribed to the act of his own hand than to the deadly instrument that may have been used by him for the purpose," and was no more his act in the sense of the law "than if he had been impelled by an irresistible physical force." (*Accident Ins. Co.* v. *Crandal*, 120 U. S. 527, [30 L. Ed. 740, 7 Sup. Ct. Rep. 685].)

So in the case at bar, Baker cannot be said to have been the cause, either morally or legally, of his own death. The primary and efficient cause of his death was the dreadful injuries he received. These injuries set in motion a chain of events that, operating in a direct line from cause to effect and without the intervention of any independent force, resulted in his death. His death resulted without the intervention of any independent force, for the self-inflicted wound was the result of the insanity, which was in turn caused by the injuries. The injuries were thus the efficient and proximate cause of his death. "An efficient, adequate cause being found, must be deemed the true cause, unless some other cause

not incidental to it, but independent of it, is shown to have intervened between it and the result." (*Travelers' Ins. Co.* v. *Murray,* 16 Colo. 296, [25 Am. St. Rep. 267, 26 Pac. 774].)

The conclusion reached by the trial court certainly accords with the general purpose and spirit of the provisions of the charter, which intends a provision for the support of those dependent upon firemen whose death results from a faithful performance of a very hazardous duty. (*Buckendorf* v. *Minneapolis Fire Department Relief Assn.,* 112 Minn. 298, [127 N. W. 1053, 1133].)

The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.