[S. F. No. 9431. In Bank.—December 27, 1920.]

DANIEL A. AHEARN, Appellant, v. JOHN F. DAVIS
et al., Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO FIRE DEPARTMENT—
REORGANIZATION UPON ADOPTION OF CHARTER—FORMER EMPLOYEES
—OFFICERS AND MEMBERS.—Employees of the fire department of
the city and county of San Francisco, who were such at the time
when the charter went into effect on January 8, 1900, are "officers
and members" of the department within the meaning of section 1
of chapter 2 of article IX, providing for the reorganization of
the department from the persons then in the service and their ex-
emption from civil service examination, regardless of whether such
employees are enumerated and their salaries fixed by chapter 8
of article IX.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank J. Murasky,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant & Zimdars for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr.,
Assistant City Attorney, for Respondents.

Sloss, Ackerman & Bradley and Samuel M. Shortridge,
*Amici Curiae.*

OLNEY, J.—This is an appeal by the plaintiff from a
judgment of the superior court denying him a writ of man-
date directing the board of fire commissioners, the Civil Service
Commission, and the auditor of San Francisco to recognize
the plaintiff as harness-maker for the fire department of the
city. As defendants with the officials mentioned are joined
two individuals, Buckley and Karney, and the question in dis-
pute is as to whether the plaintiff, Ahearn, has a right supe-
rior to that of either of these two to the position mentioned of
harness-maker.

It seems that at and before the going into effect of the
present charter of San Francisco, both Buckley and Karney
were in the employ of the city as harness-makers for the fire

department.  On the going into effect of the charter on January 8, 1900, and the consequent reorganization of the department, they continued as harness-makers for it, and have been such up to the present time, but have never taken a civil service examination for the positions they hold.  In 1912 the Civil Service Commission held an examination for mechanics, and the plaintiff took the examination and was given first place on the eligible list.  The number of harness-makers was increased from two to three, and in November, 1913, the plaintiff was appointed to the additional position so created.  In 1917 the number was reduced again to two, and the plaintiff was laid off.  He thereupon commenced this proceeding, claiming to be entitled to remain in the employ of the city in preference to either Buckley or Karney.

The rule of the Civil Service Commission is that in case of a reduction in the number of permanent employees of a particular class in any department, the employees shall be laid off in the inverse order of their appointment.  The plaintiff claims that although he came into the employ of the department long after Buckley and Karney, he is not subject to the rule just stated, for the reason that they are not civil service appointees and, therefore, according to plaintiff, not legally appointed to their positions.  The claim of the defendant, on the other hand, is that Buckley and Karney were not required to be civil service appointees by reason of section 1 of chapter 2 of article IX of the charter, and, therefore, have held their positions regularly and have full rights of seniority.  The section just mentioned deals with the duties of the fire commissioners in the matter of the organization of the fire department on the going into effect of the charter, and the pertinent portion of it reads:

"The board of fire commissioners shall immediately after their appointment and qualification proceed to reorganize the fire department in conformity with the provisions of this charter.  In so doing the board·shall make its appointments of officers and members from the persons constituting the force in the service of the fire department at the time this charter goes into effect.  Such officers and members shall not be required to pass any Civil Service examination."

It is perfectly evident from the mere reading of this section that it sustains the contention of the defendants, bearing in mind that Buckley and Karney were harness-makers for

the department when the charter went into effect, provided they come within the the designation "officers and members" of the department. It is the plaintiff's contention that they do not, and this is the crux of the case.

That Buckley and Karney were and are employees of the department would seem to be plain. Some point seems to be made of the fact that no order appointing them was ever made by the fire commissioners. They simply kept on in their positions, being carried on the rolls of the department and doing their work and getting their pay, and this for some seventeen years before their position as employees was questioned, and even then questioned not by the city authorities but by a person who wanted one of their places. What additional strength a formal appointment would give to such a recognition we do not see.

It is also plain that, according to the ordinary and usual meaning of words, an "employee" of a city department is a "member" of that department. It also appears that almost immediately after the charter took effect the then city attorney, Franklin K. Lane, formally advised the fire commissioners that the section of the charter quoted applied to all employees of the department, whether they were members of its regular fire companies or of its office organization or not, and that the construction of the charter so advised was adopted and has been consistently followed ever since. We have, then, as opposed to the plaintiff's contention, a construction of the charter sustained by the natural meaning of the language used and by the consistent practice in actual administration for many years. Under these circumstances, only the most compelling reasons would justify our refusing to follow this construction.

The only reason advanced why we should refuse to do so is certain language from the opinion of this court in *Maxwell v. Fire Commrs.*, 139 Cal. 229, [72 Pac. 996], wherein the question was presented as to whether or not one who had been clerk of the fire department prior to the charter was entitled to the position of secretary of the fire commissioners in the reorganized department, by virtue of the same charter provision which is under consideration here. It was held that it could not be said that the two positions were the same, and, therefore, the old clerk was not entitled to become the new secretary. In its opinion the court used the following

language (139 Cal. 231, [72 Pac. 997]), upon which reliance is now placed:

"Chapter 8 of article IX of the charter provides that 'the officers and members of the fire department shall receive annual salaries as follows,' and then enumerates the different classes of officers and members, but does not mention the secretary of the board, nor any 'clerk' of the fire department. It is a fair inference that the direction in chapter 2, that in reorganizing the force the department shall make its appointments of 'officers and members' from the force in service when the charter took effect, applies only to the 'officers and members' whose salaries are fixed in chapter 8, and, as the secretary is not one of those enumerated, it would follow that the board is not required to select him from the members of the old fire department."

But, in the first place, this language was not necessary for the decision and is but the statement of a further reason in addition to that upon which the decision primarily rests. Language so used would hardly justify the rejection of a construction sustained by the fair meaning of the words of the charter and by the actual practice in administration for years. In addition, the question presented was very different from that presented here. The question there was as to a position specially created by the charter and the salary for which was fixed by the charter, but which was not enumerated in the section fixing the salaries of "officers and members" of the department. It was a reasonable conclusion that such a position was outside the scope of a general provision for such "officers and members." The question here is as to positions not created by the charter and the salaries or wages attaching to which are not specially fixed by the charter. So far as appears, it was not brought to the attention of the court in the Maxwell case that there were in the department, both before and after the charter, a number of employees not mentioned by the charter. Certainly no question was presented as to the status of such employees, nor was there any thought that it was being decided. It would be most unreasonable to consider that that question is now controlled by a sentence or two from a former opinion, dealing with a different question and a different state of facts. [1] The question not being so controlled, we are free to give effect to the natural meaning of the words of the charter and to

the construction adopted in actual practice, and to hold that "employees" of the department, whether they are enumerated and their salaries fixed by chapter 8 or not, are included under the designation in chapter 2 of "officers and members." This we do, and it is decisive of the case.

Judgment affirmed.

Shaw, J., Lennon, J., Wilbur, J., Sloane, J., Lawlor, J., and Angellotti, C. J., concurred.