[Civ. No. 4991. First Appellate District, Division One.—October 22, 1924.]

JOHN N. HURLEY, Appellant, v. FRANK C. SYKES et al., Respondents.

[1] MUNICIPAL CORPORATIONS — SAN FRANCISCO — FIREMEN'S RELIEF FUND—LEGISLATIVE INTENT—LIBERAL CONSTRUCTION.—In ascertaining the intent and meaning of the provisions of the charter of the city and county of San Francisco providing for a firemen's relief fund, a liberal construction should be indulged in to carry out the beneficial purposes aimed at, and, as the spirit of those provisions is to protect all members of the fire department in the benefits which the fund insures, they should not be narrowed by any strict or technical construction but should be interpreted on broad principles.

[2] ID.—MEMBER—EMPLOYEE—SYNONYMOUS TERMS.—Interpreting the provisions of chapter 7, article IX, of the San Francisco charter consistently with the legislative intent as fairly implied by the language used, it is manifest that the terms "member" and "employee" employed in sections 3, 4, and 5 of said chapter 7 are used synonymously and interchangeably and not in a limited or distinctive sense.

[3] ID.—MEMBERSHIP IN FIRE DEPARTMENT—EMPLOYMENT AS BLACKSMITH HELPER.—The terms "member" and "employee," as used in chapter 7, article IX, of the charter of the city and county of San Francisco are to be taken in their common acceptation and as indicating persons hired for wages in the department as they may be directed; and, while those terms do not embrace persons hired for a transient or temporary task, they do embrace a person regularly employed as a blacksmith helper in the corporation yard of

---

1. See 18 Cal. Jur. 997.

the fire department of said city and county, and such employee is
entitled to the benefit of the charter provisions relating to the
firemen's relief fund.

(1) 28 Cyc., p. 555.    (2) 28 Cyc., p. 555.    (3) 28 Cyc., p. 555.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. James M. Troutt,
Judge. Reversed.

The facts are stated in the opinion of the court.

Sloss, Ackerman & Bradley for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr.,
Assistant City Attorney, for Respondents.

TYLER, P. J.—This is an appeal by petitioner from a
judgment of the superior court denying him a writ of man-
date directed to the board of fire commissioners of the city
and county of San Francisco.

The sole question presented is whether or not he is a
"member" of the fire department entitled to the benefits
of the firemen's relief fund.

In substance the material allegations of the pleading are
to the effect that petitioner for more than twenty years prior
to the filing of the petition was a member of the fire depart-
ment of the city and county of San Francisco, and as such
entitled to the benefits and advantages of chapter 7, article
IX, of the charter of said city providing for a firemen's
relief fund; that said city is a consolidated city and county
organized and existing under the laws of the state of Cali-
fornia; that on the fourteenth day of February, 1922, under
and pursuant to article XVII of the charter of said city,
the board of supervisors enacted an ordinance known as
No. 5561 (N. S.), wherein and whereby said board estab-
lished a retirement system for the employees of said city
and county, providing for payment of retirement allowances
to aged and disabled employees, and also for death benefits;
that the ordinance by its terms fixed rates of contribution to
be paid by such employees, and in section 4, subdivision (a)
thereof provided that all employees of the city and county
should become members of the retirement system with the

exception, among others, of employees of the fire department who were entitled to benefits under chapter 7, article IX, of the charter (firemen's relief fund); that on the first day of July, 1922, and on the first day of each and every month thereafter, in conformity with the provisions of the ordinance, the respondents, as such fire commissioners, have certified to the auditor of the city and county the pay-roll of the fire department, containing the name of the petitioner herein, showing the amount of his compensation, and opposite such amount a sum equal to 5.43 per cent thereof to be deducted therefrom by reason of his purported membership in the retirement system as established by ordinance as hereinabove referred to. It is then alleged that petitioner, maintaining that he is not a member of the retirement system but, on the contrary, is a member of the fire department of said city on the sixteenth day of April, 1923, presented to said last-mentioned board its petition that it certify its pay-roll to the auditor of said city and county on the first day of each and every month without any deduction on account of his purported membership in the retirement system, and that his petition was denied; and, finally, it is charged that petitioner is informed and believes that respondents will continue on the first day of each and every month to certify their pay-roll with the deduction noted by reason of their claim that petitioner is a member of the retirement system, thus depriving him of the benefits and advantages of his membership in the fire department and of the provisions of chapter 7, article IX, of the charter relating thereto. It was therefore prayed that an alternate writ of *mandamus* issue, commanding respondents to certify to the auditor its pay-roll without deduction in any sum whatsoever.

Defendants, answering, denied solely the allegations contained in paragraph III of the petition, to wit, that petitioner was a member of the fire department, and alleged that plaintiff and petitioner ever since the organization of the city and county of San Francisco under its present charter, to wit, since on or about January 8, 1900, has been and now is an employee of the corporation yard of the fire department of said city and county, namely, a blacksmith helper, and as such is not an officer, member, or employee of the

fire department within the meaning of chapter 7, article IX, of said charter, and therefore not entitled to the benefits and advantages of said chapter relating to such members.

Upon this issue the case was tried, and judgment went in favor of the defendants, and petitioner appeals.

Appeals have been taken in nine separate actions denying petitions for writs of mandate, the questions presented in each case being practically the same, and by leave of court they have been submitted in one brief. The appeals are prosecuted on the judgment-rolls alone. The pleadings and findings are practically the same in each case.

If appellant is a "member" of the fire department in the sense in which that term is used in the provisions of the charter he is entitled to the benefit thereof, and the judgment herein should be reversed, for if he is so entitled he cannot be a member of the city retirement system.

The facts, which are practically without dispute, are contained in the findings of the court. They are in substance as follows: On the twenty-fourth day of December, 1894, the board of supervisors by an order duly made and given appointed petitioner to the position of blacksmith's helper in the corporation yard of the fire department of the city and county of San Francisco, and he served in such position from the date of his appointment until the sixteenth day of February, 1900. On or about the last-mentioned date the board of fire commissioners, without giving petitioner an opportunity to be heard and without notice, discharged him, and subsequent thereto, on the fourth day of February, 1905, said commission, by an order duly made and given, restored petitioner to his former position and standing in the department, and ever since said last-mentioned day petitioner has served and now is serving as a blacksmith's helper in the corporation yard of the fire department. On the twenty-first day of January, 1896, the board of supervisors, by order No. 2951, duly passed, authorized the organization of four steam fire engine companies for relief and emergency purposes, authorizing therefor the appointment of one engineer for each company, and directing the board of fire commissioners to select the balance of crews for said companies from such members and employees in service and employed in the fire department as in their judgment was most expedient, such service to be performed without extra

compensation. Under and pursuant to said order of the
board of supervisors the board of fire commissioners on or
about the thirty-first day of January, 1896, by an order duly
given and entered, appointed petitioner a member of a relief
company; that said order of the board of fire commissioners
has never been set aside or revoked, and pursuant to said
appointment petitioner was called upon to perform and did
perform fire service in response to certain alarms of fire
from said thirty-first day of January, 1896, up to and in-
cluding said sixteenth day of February, 1900, and from
said fourth day of February, 1905, up to and including
the eighteenth day of April, 1906, and that said service was
in addition to his duties as blacksmith's helper, for which
he received no extra compensation. From the thirty-first
day of January, 1896, up to and including the sixteenth day
of February, 1900, and from said fourth day of February,
1905, up to and including the eighteenth day of April, 1906,
in addition to said service as a member of a relief company,
petitioner served as a member of emergency companies from
the evening of the third day of July of each of such years
to and including the morning of the fifth day of July of
the same year, for which he received no extra compensation.
In addition to the duties hereinabove described, petitioner
from the first of February, 1896, to and including the six-
teenth day of February, 1900, and from the fourth day of
February, 1905, to within about a year before the filing of
the petition herein, was subject to call and did respond for
duty on wrecking crews of said fire department, such service
being performed without any extra compensation. On the
thirty-first day of January, 1900, under and pursuant to
the charter of the city and county of San Francisco, the
board of fire commissioners of said city and county reorgan-
ized the department, and by resolution duly passed continued
in the service of said department certain employees and
members already in the service; that the name of peti-
tioner was not included in said resolution, but petitioner
was nevertheless continued in the service of said department,
and immediately upon the reorganization thereof and con-
tinuously thereafter up to and including the sixteenth day
of February, 1900, and from and after said fourth day
of February, 1905, up to and since the institution of this
proceeding was called upon to perform and did perform

the duties of blacksmith's helper, and that immediately upon the reorganization of the department as aforesaid and continuously thereafter up to and including the said sixteenth day of February, 1900, and from and after said fourth day of February, 1905, and continuously thereafter up to and within a year before the filing of the petition petitioner was also called upon to perform and did perform duties on wrecking crews of said fire department; that from the thirty-first day of January, 1900, to and including the sixteenth day of February, 1900, and from and after the fourth day of February, 1905, to and including the eighteenth day of April, 1906, petitioner was called upon to perform and did perform services as a member of a relief company as aforesaid and as a member of emergency companies on the third, fourth and fifth days of July of each year as hereinabove described. On the fourteenth day of December, 1915, the board of supervisors of said city and county duly and regularly passed and approved an ordinance numbered 3535 (N. S.), entitled ''Creating positions, fixing the compensation thereof and authorizing the appointment thereto, in accordance with the provisions of section 35, art. 16 of the Charter, of additional deputies, clerks and employees in the various offices, boards and departments of the city and county of San Francisco, re-enacting in modified form the several ordinances authorizing such appointments and repealing such ordinances in so far as they create positions and fix salaries.'' That in and by said ordinance it was recited that it was the intention of such ordinance ''to continue in their respective positions all those officers and members of the Fire Department who held any such positions and whose duties corresponded to any of such positions so enumerated in the Fire Department at the time the Charter went into effect, as required by section 1, chapter 2, article 9 of the Charter''; that said ordinance further recited that ''Such positions now so held by the persons constituting the force in the service of the Fire Department at the time the Charter went into effect'' included the position of blacksmith's helper held by petitioner. It further appears that since the reorganizat'on of said department on the thirty-first day of January, 1900, petitioner has been paid a *per diem* wage as blacksmith's helper in said corporation yard.

From and by reason of the facts so found the court made the ultimate finding that petitioner is not now and since the thirty-first day of January, 1900, has not been a member of the fire department of the city and county of San Francisco within the meaning of chapter 7, article IX, of the charter of said city and county.

As conclusions of law from the above findings the court found that the petitioner was not entitled to the benefits of chapter 7 of article IX of the charter, but that he was a member of the city and county of San Francisco employment retirement system, and that a deduction of 5.43 per cent from the salary due petitioner is a lawful deduction by reason of said employment; that petitioner is not entitled to a decree directing the defendants to certify their pay-roll to the auditor of the city and county of San Francisco without the deduction from the salary due petitioner of the amount stated.

The provisions of the charter bearing upon the subject and relating to the pension fund are found in chapter 7, article IX, of that instrument. Section 3 thereof provides for retirement on a pension after designated periods of service of "any member or officer of the Fire Department." Section 4 provides for retirement on a pension of "any member of the Fire Department" who becomes physically disabled in the performance of his duty; and section 5 provides for a pension to the families of "any officer, member or, employee of the Fire Department killed in the performance of his duty." The phrase "member of the Fire Department" is common to all three sections.

It was the contention of respondents below that petitioner was a mere employee of the corporation yard, and therefore not a member of the fire department. The ultimate finding of the trial court that he was not a member sustained respondents' contention in this respect. We are of the opinion that the trial court erred in reaching this conclusion.

It will be noticed that in section 3, chapter 7, of the charter the terms "officer or member" are used to designate the beneficiaries. In section 4 the term "member" alone is employed, while in section 5 the beneficiaries are described as the families of any "officer, member or employee." The charter nowhere attempts to define the meaning of these different terms. [1] In ascertaining the intent and mean-

ing of the charter provision a liberal construction should be indulged in to carry out the beneficial purposes aimed at (*O'Dea* v. *Cook,* 176 Cal. 659 [169 Pac. 366] ; *Aitken* v. *Roche,* 48 Cal. App. 753 [192 Pac. 464]). The spirit of these provisions is to protect all members of the fire department in the benefits which the fund insures, and they should not be narrowed by any strict or technical construction but should be interpreted on broad principles. Any other construction would result in a limitation of the beneficial provisions of the act, and render nugatory the manifest intention of the law-making power and do violence to its apparent purpose.

[2] Interpreting the provisions consistently with the legislative intent as fairly implied by the language used, it is manifest that the terms employed are used synonymously and interchangeably and not in a limited or distinctive sense (*Park* v. *Board of Trustees of Firemen's Relief & Pension Fund,* 34 Cal. App. 632 [168 Pac. 581]). A "member" is an integral part of a whole body. With respect to the element of personal service there is no distinction between the terms "employee" and "members." The word "member" is a generic term and is synonymous with employee, and "employee" is defined to be one who is employed; one who works for wages or a salary (Century Dictionary; *In re Cortland Mfg. Co.,* 21 Misc. Rep. 226 [45 N. Y. Supp. 630]). Nor does the mode or manner of his payment control the situation (*Employees' Ind. Co.* v. *Kelly Coal Co.,* 149 Ky. 712 [41 L. R. A. (N. S.) 963, 149 S. W. 992]).

The distinction sought to be applied by respondents would limit the class to be benefited to those engaged in a physical struggle with the flames. But this is not the test. The engineer who operates his engine as a rule does not encounter such a special danger as menaces the actual fire-fighters (*Leffingwell* v. *Kiersted,* 74 N. J. L. 407 [65 Atl. 1029]). In *People* v. *Ellis,* 7 N. Y. Supp. 630, a telegraph operator in the employ of a fire department was held to be a member of the force for extinguishing fires. So, also, in *People* v. *Wurster,* 89 Hun, 7 [35 N. Y. Supp. 86], it was held that a surgeon whose duty it was to attend sick members and to answer fire-alarms was a member of the force for extinguishing fires. (See, also, *Wheeler* v. *Board of Fire Commrs.,* 46 La. Ann. 731 [15 South. 179].)

[3]   The terms as used in the statute are therefore to be taken in their common acceptation and as indicating persons hired for wages in the department as they may be directed. The terms employed would not, of course, embrace persons hired for a transient or temporary task. The term "member" embraces the idea of tenure, duration, emoluments, and duties.   To adopt the narrow interpretation that would exclude petitioner from the benefits of the pension fund would require clear words to that effect (*Moffatt* v. *O'Donnell*, 215 Mass. 92 [102 N. E. 344]).   As was said in *Fickert* v. *Boston Firemen's Relief Fund*, 220 Mass. 319 [107 N. E. 957], it is manifest that the fire department as to all its members is under the control of one responsible head.   It was intended to be and is a single department made up of officers and employees whose services, even if diversified, are for the sole purpose of safeguarding the property of the municipality from loss; and the rules and regulations are made applicable to every member without any distinction as to the particular service he performs.   The statute, therefore, must be read in connection with the subject of the legislation; and when so read "members" of the fire department are not to be restricted to those who combat the flames.   In *Ahern* v. *Davis*, 184 Cal. 579 [194 Pac. 1008], it was directly held that employees of the fire department of the city and county of San Francisco who were such at the time the charter went into effect are "officers and members" of the department within the meaning of section 1 of chapter 2 of article IX, providing for the reorganization of the department from the persons then in the service and their exemption from civil service examination, regardless of whether such employees are enumerated and their salaries fixed by chapter 8 of article IX.   It is there further held that according to the ordinary and usual meaning of words an "employee" of a city department is a "member" of that department.   The case is controlling here.   Counsel for the respondents in the most commendable spirit of fairness has conceded that in view of the decision last cited, in his opinion petitioner is a "member" of the fire department within the meaning of that term as used in the pension provisions of the charter. We are of a like opinion.   And it being manifest that the finding of the ultimate fact by the trial court that appellant was not a member of the department within the meaning of

the charter is inconsistent with the specific facts found upon which there is no dispute, such finding cannot stand. This being so, it is ordered that the judgment be reversed and a decree be entered in favor of the appellant, with the direction that the writ issue.

St. Sure, J., and Knight, J., concurred.