[Civ. No. 4895. First Appellate District, Division Two.—April 14, 1925.]

## WILLIAM F. EAGAN, Respondent, v. FRANK C. SYKES et al., Appellants.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO CHARTER—VETERINARIAN IN FIRE DEPARTMENT—STATUS OF.—A veterinarian in the fire department of the city and county of San Francisco, who applied for retirement upon pension in November, 1921, was an "officer or member" of the fire department at the time of his application for retirement within the meaning of those terms in section 3, chapter VII, article IX, of the charter of said city and county, where he was a member of the fire department under the statute in force prior to the adoption of the charter in 1900, and after the adoption of the charter he continued to render the same service and receive the same compensation as before.

[2] ID.—ENGAGEMENT IN OTHER EMPLOYMENT—VIOLATION OF CHARTER PROVISION—STATUS UNAFFECTED BY.—The circumstance that such veterinarian did not devote all his time to his work in the fire department, but, in addition to such work, engaged in private practice of his profession in disobedience of section 10, chapter I, article IX, of the charter, which provides that "No member or employee of the Fire Department shall be engaged in any other employment," did not change his status as an "officer or member" of the fire department, as the failure to perform one's duties in a given status cannot have the effect, *ipso facto*, of changing one's status, in the absence of any express provision of law to that effect.

(1) 28 *Cyc.*, p. 554, n. 4. (2) 28 *Cyc.*, p. 554, n. 4.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Appellants.

William A. Kelly for Respondent.

1. See 18 Cal. Jur. 997.

LANGDON, P. J.—This is an appeal from a judgment ordering a writ of mandate to issue compelling appellants, as fire pension fund commissioners, to retire respondent William F. Eagan from the position of veterinarian in the fire department on a pension of $50 a month.

Dr. Eagan was appointed to the position of veterinarian in the fire department on December 15, 1894. He served, continuously, in that position until the charter went into effect on January 8, 1900. From the time of the adoption of the charter in 1900 until November 25, 1921, the date of his application for retirement on a pension, Eagan continued to act as veterinarian of said department and received a fixed compensation for his services as such.

[1] It is conceded by appellants that Dr. Eagan is entitled to be retired upon pension if he was an "officer or member" of the fire department within the meaning of those terms in section 3, chapter VII, article IX, of the charter of the city and county of San Francisco. It is conceded that Eagan was a member of the fire department under the statute in force prior to the adoption of the charter, and that after the adoption of the charter he continued to render the same service and receive the same compensation as before.

These facts make applicable the cases of *Ahearn* v. *Davis,* 184 Cal.° 579 [194 Pac. 1008], and *Hurley* v. *Sykes,* 69 Cal. App. 310 [231 Pac. 748], which dispose of appellants' contention that Eagan was not an "officer or member" of the fire department at the time of his application for retirement.

[2] The only other question argued upon appeal is as to the effect of the circumstance that Eagan did not devote all his time to his work in the fire department, but, in addition to such work, engaged in private practice of his profession. Appellants direct our attention to section 10, chapter I, article IX, of the charter, which provides: "No member or employee of the Fire Department shall be engaged in any other employment." We think the most that can be said with reference to this matter is that Eagan subjected himself to dismissal for disobedience of this provision, but failure to perform one's duties in a given status cannot have the effect, *ipso facto,* of changing one's status, in the absence of any express provision of law to that effect.

Appellants' argument upon this point amounts to such a contention.

There are no other matters requiring consideration and the judgment is affirmed.

Preston, J., *pro tem.*, and Nourse, J., concurred.