## STATE EX REL. CALVIN G. ECKENROTH v. T. O. WILLIAMS AND OTHERS.[1]

November 30, 1928.

No. 26,921.

**Case followed.**
> On authority of the Williams case, a mechanic who is subject to call and actual service at fires is entitled to membership in the fire relief association of the Minneapolis fire department. [Reporter]

Municipal Corporations, 43 C. J. § 1507 p. 848 n. 15.

Respondents, constituting the Minneapolis Fire Department Relief Association, appealed from a judgment of mandamus of the district court for Hennepin county, Dickinson, J. directing them to receive the relator as a member of the association. Affirmed, following State ex rel. Williams v. St. Paul F. D. Relief Assn. 175 Minn. 600, 222 N. W. 283.

*G. A. Will,* for appellants (respondents below).
*John R. Coan,* for respondent (relator below).

PER CURIAM.

Respondents appealed from a judgment directing issuance of a writ of mandamus requiring them to receive the relator as a member of the respondent association.

[1]Reported in 222 N. W. 284.

Minneapolis is a city of the first class. Respondent association is organized under the laws of the state and is largely supported by the state and city. Its purpose is to give service and pensions to persons serving in the fire department. The individual defendants are the trustees of the association. The city of Minneapolis has a home rule charter which provides for a fire department and for its operation. The chief appoints men to serve subject to the provisions of the civil service chapter of the charter. The appointees must obey orders of the chief. The city council has passed an ordinance to carry out the provisions in the charter, and rules and regulations for the government of the fire department have been duly made.

The articles of incorporation of the Minneapolis Fire Department Relief Association provide that "any active member of the Minneapolis fire department, whose duties require him to respond to fire alarms, may become an active member of the association."

The relator has met the requirements of the civil service commission under class "K", which relates to "Skilled Labor Service." Class "F" pertains to "Fire Service." The relator is a mechanic and has devoted his time in connection with the fire department. He responds to some fire alarms and there does repair work on motor apparatus. He was assigned to a certain fire company but has never served as a regular fire fighter. He is at all times subject to call and actual service at fires. The trial court found he was exposed to the hazards of a fire fighter. One of the rules reads: "Machinists or automobile mechanics working at the repair shop will be subject to call at all times in case of an emergency." Relator is employed subject to the same control and may be discharged the same as a so-called regular fireman. He seeks membership in defendant association and tenders performance of all prerequisites.

Upon authority of State ex rel. Williams v. St. Paul F. D. Relief Assn. 175 Minn. 600, 222 N. W. 283, the judgment is affirmed.

HILTON, J. took no part.