STATE EX REL. WILLIAM H. WILLIAMS v. ST. PAUL FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

November 30, 1928.

No. 26,973.

**Relator entitled to membership in fire relief association.**

A mechanic who is a member of the St. Paul Bureau of Fire Protection is entitled to membership in the St. Paul Fire Department Relief Association organized under G. S. 1923, §§ 3726-3728, notwithstanding the fact that the articles of incorporation of the association attempt to limit membership to persons "actively serving as a fireman." The statute determines the right to admission.

Municipal Corporations, 43 C. J. § 1507 p. 848 n. 15, 16.

St. Paul Fire Department Relief Association appealed from a judgment of mandamus of the district court for Ramsey county,

[1]Reported in 222 N. W. 283.

Bechhoefer, J. directing it to accept relator's application for membership therein.    Affirmed.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for appellant (respondent below).

*O'Brien, Horn & Stringer,* for respondent (relator below).

WILSON, C. J.

Respondent appealed from a judgment directing the issuance of a writ of mandamus requiring it to accept and grant the relator's application for membership in respondent association.

St. Paul is a city of the first class.    Respondent is organized under the laws of the state with the consent of the city.    Its purpose is to provide financial relief to its distressed, injured, sick or disabled members and to pay pensions to its retired and disabled members and to the widows and orphans of deceased members. More than 80 per cent of respondent's revenue comes from taxes levied and collected by the state and city.

Respondent's articles of incorporation require a member to be a "fireman" in the fire department of the city of St. Paul.    The city charter creates a fire department known as the "Bureau of Fire Protection."    The charter also creates a "Bureau of Civil Service" which is charged with duty of determining the qualifications of the applicants for certain offices.

On February 10, 1920, relator was duly appointed and ever since has been a permanent, active, regular, paid, and full-time member of the city fire department.    Before appointment relator passed the civil service examinations thereby establishing his qualifications. Relator serves in the repair service of the fire department.    In part his duty is to repair and keep in smooth running order, both in the repair shop and at fires, the fire engines, hose carts, water towers and all other equipment and apparatus of the fire department. These duties require technical knowledge.

In the performance of his duties relator is required to obey all rules of the fire department and all orders of the fire chief, and if directed by the fire chief or the rules of the department to be present

at fires he may be required to do so.  He has been frequently required to attend fires and repair the fire apparatus at and near burning premises, and in the performance of his duties at fires he is subjected to and exposed to unusual risks, dangers, and hazards of firemen engaged in extinguishing fires.

Relator has duly made application in writing to respondent for membership tendering full performance on his part of all prerequisites.

The statute contemplates beneficial results for the "members of the fire department."  G. S. 1923, §§ 3726-3728.  The meaning and effect of the statute cannot be narrowed by the articles of incorporation of the local organization.  Buckendorf v. Minneapolis F. D. Relief Assn. 112 Minn. 298, 127 N. W. 1053, 1133.  In the instant case it is claimed by respondent that within the language of the articles of incorporation no one could become a member unless he was a "fireman," and it is claimed that this means one who actually fights fires.  Indeed respondent urges that no one can be a member who has not been actually appointed as a fireman.  Section 370 of the city charter reads:

"No person shall be appointed a fireman unless he possess the same qualifications as herein required for policemen; provided, however, that this shall not apply to  *  *  *  positions requiring a technical knowledge."

The record shows that relator's duties require technical knowledge, which he has.  Respondent points to the use of the pronoun "he" in referring to "fireman" and claims that this denotes masculine gender.  Such conclusion does not follow.  Good English recognizes the use of the masculine gender when speaking of an impersonal third person even though the language used may include either sex.  However, we construe the word "fireman" as used in the statute in relation to other references to members, etc. as synonymous with "members of the fire department."  Leffingwell v. Kiersted, 74 N. J. L. 407, 410, 65 A. 1029.

In the instant case the relator was exposed to the peculiarly dangerous hazards to which firemen are necessarily exposed.  This

was mentioned in Buckendorf v. Minneapolis F. D. Relief Assn. 112 Minn. 298, 127 N. W. 1053, 1133, as the basic element prompting legislation in favor of firemen. Doubtless it was, and perhaps a construction of the statute could be made so limiting its application. See Lavallee v. St. P. M. & M. Ry. Co. 40 Minn. 249, 41 N. W. 974, and many cases wherein that case is cited with approval. But the modern tendency is toward a liberal construction. Seamer v. G. N. Ry. Co. 142 Minn. 376, 172 N. W. 765. Such legislation is to receive a liberal construction. State ex rel. Gorczyca v. City of Minneapolis, 174 Minn. 594, 219 N. W. 924. Indeed the authorities hold, under very similar statutes, that all members of the fire department are entitled to the benefits provided by the statute whether or not they are exposed to the hazards peculiar to those who are required to work in the presence of fire dangers or fight fire. Leffingwell v. Kiersted, 74 N. J. L. 407, 65 A. 1029; Hurley v. Sykes, 69 Cal. App. 310, 231 P. 748; Fickett v. Boston Firemen's Relief Fund, 220 Mass. 319, 107 N. E. 957. We adopt this rule and do not rest our conclusion upon the finding that the relator is exposed to the hazards of physical contact with flames, smoke or falling buildings.

Affirmed.

STONE and HILTON, JJ. took no part.