In the Matter of the Application of JOHN DETH, Petitioner, for an Order of Mandamus against WILLIAM R. CASTIMORE, as Commissioner, etc., and Others, Respondents.

Supreme Court, Erie County, March 29, 1935.

*Kane, Martina & Kelly* [*John L. Kelly* of counsel], for the petitioner.

*Gregory U. Harmon* [*John E. Livermore* of counsel], for the respondents.

HORTON, J.  This is an application for a mandamus order directing the respondent to reinstate the petitioner to the position of upholsterer in the department of fire of the city of Buffalo, N. Y. The petitioner was appointed as a harness maker in the fire department on January 15, 1924.   His position was then in the skilled labor class.  On April 30, 1930, the position was placed in the non-competitive class, and petitioner was given a qualifying examination.   On April 1, 1934, he was dismissed from his position.   He makes three claims in this proceeding: *First*, that as a member of the department of fire he cannot be removed except after a formal trial upon specific charges; *second*, that as a civil service employee he cannot be removed except after a trial upon charges pursuant to section 444 of the charter; and *third*, that he was removed for political reasons in violation of section 25 of the Civil Service Law.

The section of the charter upon which he makes his first claim is as follows:

" § 445.  Removal of policemen and firemen.  No member of the police or fire department, other than the head of either department, shall be removed, reduced in rank, suspended, fined or otherwise punished or disciplined except upon charges as provided in sections four hundred forty-six to four hundred fifty inclusive, and such sections shall apply only to members of the police and fire departments."   (Local Law, No. 4, 1927; published in Local Laws, 1932, p. 21.)

Counsel for respondents contends that so far as the fire department is concerned this section applies only to members of the department and construes the word " members " as including only the uniformed members or those belonging strictly to the fire fighting force.   The language of the section, however, makes no such limitation.   The rules and regulations of the department divide the membership into uniformed members and non-uniformed members.   The court can see no distinction between the two classes of members under the language of this statute.

For ten years the petitioner has discharged his duties faithfully and efficiently.   The policy of the law is that after a person has passed a civil service examination, has been certified as eligible by the civil service commission, and has been appointed, he acquires a title to the position and can be removed only in a manner provided by law.  (*Matter of Lazenby* v. *Municipal Civil Service*

*Commission of City of Elmira,* 116 App. Div. 135; affd., 188 N. Y. 588.) The language of the section above quoted from the city charter embodies the broad and far-reaching principle of giving something like permanency of tenure to appointees in the civil service, and above all of putting an end to the vicious practice of changing employees without cause whenever the appointing power is changed. Public policy requires that the beneficent effect of this and similar statutes shall not be impaired so long as the incumbent properly performs his duty. The court believes that the aforesaid section must be construed liberally and that petitioner is entitled to the protection thereof.

In a number of cases involving the same principle the courts of this State have expressed views similar to the above. Thus in *People ex rel. Tucker* v. *Ennis* (7 N. Y. Supp. 630; affd., 121 N. Y. 693) a telegraph operator was held a member of the Brooklyn fire department and entitled to trial on charges before dismissal, the court saying: " The spirit of the charter is to protect all members of the fire department from removal, except upon conviction of misconduct, after a fair trial, just so long as they are able physically to perform their duties."

In *People ex rel. Smith* v. *Wurster* (89 Hun, 7; affd., 147 N. Y. 716) a surgeon whose duty it was to treat sick members and to attend second alarm fires in his district and third alarm fires in the city, was held a member of the force for extinguishing fires entitled to the protection of a statute similar to that involved here; while in *People ex rel. McLaughlin* v. *Commissioners of Department of Fire, etc., of Brooklyn* (10 N. Y. St. Repr. 666; affd., 106 N. Y. 676) an inspector of kerosene was said to be a member of the fire department under the control of its commissioners and performing an essential part of its duties and, therefore, entitled to protection against removal from his position.

As it is undisputed that no attempt was made to comply with the section of the charter above quoted, the petition for a peremptory mandamus order is granted restoring petitioner to his position. In this view of the case it is unnecessary to consider the other points made by petitioner. The members of the civil service commission, however, are not proper parties to this proceeding and the petition may be dismissed as to them.