[L. A. No. 18389.   In Bank.   Dec. 21, 1942.]

NELSON J. HAAS, Respondent, v. CITY OF LOS ANGE-
LES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl and Edward J. Olstyn, Deputies City Attorney for Appellants.

Joseph Scott and J. Howard Ziemann for Respondent.

GIBSON, C. J.—This is a proceeding in mandamus to compel payment of a pension to petitioner as a member of the Los Angeles Fire Department.   After a hearing on the merits, petitioner secured judgment directing the issuance of a per-

emptory writ of mandate and from this judgment defendants appealed.

Substantially the same problem, arising under the same city charter provisions, was presented and determined in the case of *McKeag* v. *Board of Pension Commrs., ante,* p. 386 [132 P.2d 198] (this day decided). In that case we held that it can properly be determined upon mandate proceedings whether the requirements of the charter have been met. Those requirements are that petitioner be a person "duly and regularly appointed in the Fire Department under civil service rules and regulations whose duty it is to prevent or extinguish fires in the City of Los Angeles, under whatever designation . . . [he] may be described in any salary or departmental ordinance providing compensation for said Fire Department" (§ 185) and that he have been such for the requisite number of years (§ 181).

Defendants concede that petitioner was duly and regularly appointed "Painter—Fire Department" under civil service rules, that he has served for the requisite number of years, and that he paid into the pension fund the same proportionate contribution as was paid by other members of the fire department from the beginning of his employment in 1911 until some time in the latter part of 1939. They contend, however, that petitioner was not under a duty to prevent or extinguish fires. Defendants argue that petitioner was not physically qualified for the position of fireman and not employed as such, that his hours were not those of firemen, that he was never carried on the personnel lists of the fire department nor under the civil service codes as a fireman. They contend that the fire chief could not, by assigning different duties, transform a painter into a fireman under the civil service system, citing *Pinion* v. *State Personnel Board,* 29 Cal.App.2d 314 [84 P.2d 185], and *Carrick* v. *Sherman,* 105 Cal.App. 546 [288 P. 143]. The cases cited are not persuasive, however, for it is not the civil service status of an employee which determines his right under the charter, as is shown in *McKeag* v. *Board of Pension Commrs., supra.* Defendants' error lies in interpreting the charter provisions. ■ An employee of the fire department, under whatever classification or designation he may be carried, whose duties have a substantial connection with fire prevention or fire extinguishment, is entitled to pension benefits provided he meets the other requirements of the charter. ■ The

evidence and the stipulated facts support the conclusion of the trial court that petitioner is entitled to a pension as a member of the fire department.

Petitioner at all times has been employed in a civil service status as a painter. During this time he has been engaged principally in painting the buildings and equipment of the fire department. In connection with his duties as a painter, petitioner tested fire hydrants, replaced glass in the fire alarm boxes and repaired and refinished ladders which were damaged in fires. Petitioner also assisted in maintaining fire fighting tools and in treating ropes and nets with preservatives. At the time of his employment the fire chief, in outlining his duties, told him that in addition to carrying out the orders of the painting office, he was to fill in for short-handed companies, respond to second (or greater) alarm fires and be ready for call over the Fourth of July. Upon order of his superiors petitioner performed actual fire service, including riding on and sometimes driving equipment, "laying the line," assisting the engineer on the water pressure, putting out awning fires, and testing and servicing equipment. Other witnesses testified to having seen him perform such services, and he was cited as a member of the fire department several times on the merit roll for extinguishing fires and saving men from burning buildings. We think it clear that petitioner's duties involved the prevention or extinguishment of fires in the city of Los Angeles and that he is entitled to a pension as a member of the fire department.

Judgment affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Appellants' petition for a rehearing was denied January 18, 1943.