[L. A. No. 18388. In Bank. Dec. 21, 1942.]

LILY KNOLL, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Loren A. Butts for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl and Edward J. Olstyn, Deputies City Attorney, for Respondents.

Julius V. Patrosso as Amicus Curiae on behalf of Respondents.

GIBSON, C. J.—Petitioner brought this proceeding in mandamus to compel her recognition as a member of the Los Angeles Fire Department, entitled to share in the benefits and privileges of its pension system. The writ was denied

after a hearing on the merits, and petitioner thereafter appealed from the judgment.

The issues presented here are similar to those determined in *McKeag* v. *Board of Pension Commrs., ante,* p. 386 [132 P.2d 198] (this day decided) and *Haas* v. *City of Los Angeles, ante,* p. 393 [132 P.2d 201] (this day decided). Petitioner is entitled to share in the pension plan under the provisions of the Los Angeles charter if she is a person "duly and regularly appointed in the Fire Department under civil service rules and regulations whose duty it is to prevent or extinguish fires in the City of Los Angeles. . . . " (§ 185) and who has served for the requisite number of years (§ 181). There is no dispute as to the nature or duration of petitioner's employment or the fact that she served under civil service rules. ■ The trial court found, and its finding is not challenged, that "the duties which plaintiff has performed, and does now regularly perform, as an employee of said Fire Department, are, in part, as follows: The duty of keeping a full and complete record of all fires with full data of such fires which occur in the City of Los Angeles, and to give out information and reports of such fires to the various bureaus and fire department officials when such information and reports are necessary; to maintain tables and analyses of fires; to render a daily report to the Fire Prevention Bureau showing the location of fires, the inspection district in which fires have occurred, the nature of such fires, the estimated loss because of such fires, and the cause of such fires. Preparing and submitting reports to the Chief Engineer and the Honorable Board of Fire Commissioners showing fire losses, causes of fires, location and type of buildings in which fires have occurred. The preparing and submitting to the Chief Engineer of the Fire Department statistical data, schedules, tables and analyses of the cause of fires and fire alarms, source of fires, analyses of fire alarms as to the type of construction and number of buildings damaged by fire, analyses of fire alarms relative to the spread and extent of damage to buildings by fire, classification of fire losses in the different type of buildings, and analyses of the various methods of fire extinguishing, and to furnish data, prepare tables, analyses and reports whenever necessary, and such other duties as may be assigned to her within the scope of her ability and civil service status."

The record contains uncontradicted testimony of high of-

ficials in the fire department that petitioner's responsibilities required the exercise of judgment and discretion and that her duties were essential to the conduct of the fire prevention activities of the department. The trial court concluded, however, that petitioner was not a member of the fire department, entitled to share in the pension plan, because her duties were clerical in nature and did not impose any duty on her to prevent or extinguish fires in the city of Los Angeles.

Petitioner contends on appeal that the construction of section 185 advocated by defendants, and followed by the trial court, is erroneous. Defendants urged that the language of section 185 should be construed so as to confer pension benefits upon only those employees of the fire department who engage directly in the physical task of extinguishing and preventing fires. This restricted interpretation of the language of section 185 was rejected in *McKeag* v. *Board of Pension Commrs., supra,* in which it was held that all that is required under the language of the charter is that the employee's duties have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires. We think it is clear in the present case that the trial court determined petitioner's claim to membership in the fire department under an erroneous view of the charter provision which requires a reversal of the judgment.

This conclusion is not altered by the fact that Ordinance No. 71513, a departmental salary ordinance which undertook to segregate the employees of the fire department into "pension" and "non-pension" groups, classified petitioner as a non-pension employee. (See, also, Ordinance No. 79867.) As was pointed out in *McKeag* v. *Board of Pension Commrs., supra,* the charter provision specifically provides that the right to a pension is to be determined independently of the designation under which persons may be described in any salary or departmental ordinance. (§ 185.) Furthermore, the attempt of the city council or the Board of Pension Commissioners to determine the status of particular employees, while necessary in the administration of the affairs of the department, is not controlling in view of the provisions of the charter. (See *McKeag* v. *Board of Pension Commrs., ante,* p. 386 [132 P.2d 198].)

There is no dispute as to the facts of petitioner's employment in this case. The findings of the trial court and undisputed testimony in the record illustrate clearly that peti-

tioner's duties had a substantial connection with the fire prevention activities of the fire department. Under the test laid down in the charter, therefore, petitioner was entitled to share in the provisions of the pension plan as a member of the department and the trial court erred in denying the relief sought.

The judgment is reversed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Respondents' petition for a rehearing was denied January 18, 1943.