[L. A. No. 18390. In Bank. Dec. 21, 1942.]

NETTIE K. McKEAG, Respondent, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, and Robert J. Stahl and Edward J. Olstyn, Deputies City Attorney, for Appellants.

Don M. Kitzmiller for Respondent.

Paul Taylor as Amicus Curiae on behalf of Respondent.

GIBSON, C. J.—Petitioner sought a writ of mandate to compel payment of a pension to her as the widow of a member of the Los Angeles Fire Department.

Charles H. McKeag for many years acted as secretary of the Board of Fire and Police Commissioners, having been appointed to that position in 1906. From 1925 to 1932 he acted as secretary of the Board of Fire Commissioners exclusively. He was retired on February 16, 1932, and was paid a pension until the time of his death on August 23, 1939. Thereafter his widow, petitioner herein, pursuant to the provisions of section 183 of the city charter, made application for a widow's pension. That section provides: "Whenever any member of the Fire or Police Department shall die . . . after retirement, or while eligible to retirement from such department on account of years of service then an annual pension shall be paid in equal monthly installments to his widow. . . . " Defendants denied her the pension on the ground that her husband was not legally entitled to receive the pension paid him during his lifetime. Petitioner then brought this proceeding in mandamus in the Superior Court of Los Angeles County and, after a hearing on the merits, secured judgment directing the issuance of a writ of mandate.

Upon this appeal defendants contend that the petitioner's husband was not within the group of persons entitled to a pension under the provisions of the charter. The determination of this question depends upon the construction to be given sections 181 and 185 under which the right of petitioner's husband to a pension is claimed to exist. Section 181 provides: "Any member of the Fire or Police Department who shall have served in such department for thirty-five years in the aggregate in any capacity or rank whatever, on his request . . . shall be retired from further service in such department, and such member shall thereafter, during his lifetime, be paid in equal monthly installments from said fund a pension. . . . " Section 185 reads: "For the purpose of the provisions contained herein, the Fire Department shall consist of all persons duly and regularly appointed in the Fire Department under civil service rules and regulations, whose duty it is to prevent or extinguish fires in the City of Los Angeles, under whatever designation they may be described in any salary or departmental ordinance . . . " Defendants' argument, summarized briefly, is that only "members" of the fire department are entitled to a pension under section 181, and that under section 185 only those "whose duty it is to prevent or extinguish fires in the City of Los Angeles" can be said to be "members." Defendants

contend further that the duties performed by Charles H. McKeag did not include the prevention or extinguishment of fires. Upon these premises they base the conclusion that petitioner's husband was not entitled to the pension paid him from 1932 until 1939 and consequently that petitioner is not entitled to a pension under the provisions of section 183.

In the absence of a special definition of membership in a pension statute, no unique or exclusive group is connoted by the use of the word "member." Under such circumstances it has been held that the word "member" in pension statutes is synonymous with the word "employee." (*Hurley* v. *Sykes,* 69 Cal.App. 310, 317 [231 P. 748].) No special definition of the word "member" is found in the charter provisions involved here, but a limited definition of the term "Fire Department" is used which has much the same effect. Thus, section 185 contains the following clause: "the Fire Department shall consist of all persons duly and regularly appointed in the Fire Department under civil service rules and regulations, whose duty it is to prevent or extinguish fires in the City of Los Angeles. . . . " It is thus contemplated that there may be persons employed who are not a part of the fire department within this definition. Those employees of the fire department who are within the department, as that term is used in section 185, can be differentiated from those who are not by use of the word "member" in referring to them. Both sides have assumed in their briefs that this was the intention of the framers of the charter. This construction is strengthened by virtue of the fact that Ordinance No. 67,778 of the city of Los Angeles dealing with this subject provides: "The term 'member' of the Fire Department . . . as used herein shall refer to, mean and include all persons duly and regularly appointed in the Fire Department under civil service rules and regulations, whose duty it is to prevent or extinguish fires in the City of Los Angeles. . . . " Since the charter provisions may be construed consistently with this section, the language of section 185 should be interpreted so as to create a class of "members of the fire department" to whom pensions are payable under section 181, as distinguished from other employees of the department. Thus, an employee not appointed under civil service rules or one under no duty to prevent or extinguish fires would not be a member of the fire department entitled to share in the pension plan. Since it is conceded that McKeag

was duly and regularly appointed under civil service rules and regulations and served for the requisite number of years, the question we are called upon to determine is whether his duties included the prevention and extinguishment of fires so that he can be said to have been a member of the fire department.

Defendants attribute a very restricted meaning to the language which specifies those employees who shall constitute members of the fire department. Thus, it is said that only those who engage directly in the physical act of extinguishing or preventing fires should be deemed within the provisions of section 185. It is difficult to follow this reasoning. Under section 130 of the charter the fire department is vested with a broad power and duty to enforce all ordinances and laws relating to the prevention or spreading of fires within the city, as well as the duty of extinguishing and controlling dangerous fires. In the execution of this responsibility many employees are needed whose particular duties do not require their presence at a fire. It is clear that the prevention of fires does not necessarily involve hazardous activity, and it follows that the language of section 185, which refers to the duty "to prevent or extinguish fires in the City of Los Angeles," negates any intention to confine the pension benefits strictly to those who engage in dangerous work.

The language of section 185 ought not to be interpreted narrowly. Rather, a liberal construction is to be given, in accordance with the rule ordinarily used in construing pension legislation. (*O'Dea* v. *Cook*, 176 Cal. 659 [169 P. 366]; *Casserly* v. *City of Oakland*, 215 Cal. 600 [12 P.2d 425]; *Dillard* v. *City of Los Angeles*, 20 Cal.2d 599 [127 P.2d 917].) As was said in *Hurley* v. *Sykes, supra*, p. 316, "In ascertaining the intent and meaning of the charter provision a liberal construction should be indulged in to carry out the beneficial purposes aimed at. [Citing cases.] The spirit of these provisions is to protect all members of the fire department in the benefits which the fund insures, and they should not be narrowed by any strict or technical construction but should be interpreted on broad principles. Any other construction would result in a limitation of the beneficial provisions of the act, and render nugatory the manifest intention of the law-making power and do violence to its apparent purpose." (See, also, *Walton* v. *Cotton*, 19 How. [U.S.] 355-358 [15 L.Ed. 658].) Such a construction can be

adopted here following the clear intent of the framers of the charter. We think, therefore, that all that is required under section 185 to constitute an employee a member of the fire department is that his duties have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires in the city of Los Angeles.

The test thus laid down under the charter provisions for participation in the pension plan is not one of easy application. Since most of the employees of the fire department might conceivably claim that their activities relate in some way to the prevention or extinguishing of fires, the distinction which must be drawn is one of degree rather than of kind. In any particular case, therefore, it may be a problem of considerable difficulty to determine whether the employee's duties have a substantial connection with the prevention or extinguishing of fires. The difficulties thus presented, however, are not ones which can be avoided, for they are inherent in the language of the charter itself.

Under the interpretation of section 185 here adopted the conclusion to be reached in the present case is clear. It is unnecessary to discuss in detail the analysis made by defendants of the character of Charles H. McKeag's duties as secretary of the Board of Fire Commissioners. The trial court found that McKeag's duties included the prevention and extinguishing of fires and, under the construction heretofore adopted, the stipulated facts clearly support this determination. Thus, it is admitted that McKeag's duties included the keeping of records, contact with the public, advising of fire prevention measures, receiving information regarding fire hazards, making personal investigations and ordering the remedying of conditions, drafting legislation and rules for safeguarding against fires, and attending the scenes of fires to convey information and to make records of conditions for later fire prevention legislation and rules.

It is defendants' contention that since McKeag was not carried under the civil service codes and departmental classifications with those engaged in fighting fires he was not a member of the fire department within the meaning of the pension provisions. It is understandable that, among the many ordinances, rules and regulations and civil service classifications, seeming discrepancies will occur as to the designation of particular positions. The framers of the charter realized this and therefore granted the pension privileges

to persons in the fire department whose duty it is to prevent or extinguish fires "under whatever designation they may be described in any salary or departmental ordinance." Giving effect to this clause, it is clear that the civil service codes and departmental classifications on which defendants rely are immaterial.

This case does not raise the question of a judicial review of administrative determinations of fact. The main issue presented by this petition for mandate concerns the proper interpretation to be accorded section 185 of the charter. Such an issue of law may properly be raised by a proceeding in mandamus. (*Sweesy* v. *L. A. etc. Retirement Bd.,* 17 Cal.2d 356 [110 P.2d 37]; *Dillard* v. *City of Los Angeles,* 20 Cal.2d 599 [127 P.2d 917]; *Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427 [116 P.2d 37]; *Sheehan* v. *Board of Police Commrs.,* 197 Cal. 70 [239 P. 844]; *French* v. *Cook,* 173 Cal. 126 [160 P. 411].) The charter provisions here involved do not provide for a quasi-judicial proceeding on the part of the defendant Board of Pension Commissioners in which the power to determine questions of fact is to be exercised. As was said in *French* v. *Cook, supra,* at page 129: "There is absolutely nothing in the charter purporting to confide to the board the power to finally determine any question of fact in connection with such a pension. The board is apparently in the same position with relation to such a matter as is any officer required by law to do a prescribed act in a certain contingency, where no special method is provided by law for the ascertainment of facts. Under such circumstances it may often be true that there is uncertainty or dispute as to the facts, but in such a case the only resort of the officer is such investigation as he may be able to himself make for the purpose of determining his own course of action. His determination as to the facts, however, is not effectual for any other purpose."

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Appellants' petition for a rehearing was denied January 18, 1943.