[Civ. No. 15303.  Second Dist., Div. One.  Dec. 27, 1946.]

WALTER A. GIESE, Respondent, v. CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, and John J. Tully, Jr., Deputy City Attorney, for Appellants.

Joseph Scott and J. Howard Ziemann for Respondent.

WHITE, J.—Plaintiff instituted this action against defendants for declaratory relief to determine whether or not the civil service position which the former holds as Superintendent of Automotive Equipment of the Los Angeles Fire Department entitles him to the benefits of the Fire and Police Pension Fund as provided by article XVII, sections 180 to 189 of the Charter of the City of Los Angeles.

By its declaratory relief judgment in favor of plaintiff, the trial court decreed that plaintiff is a member of the Fire Department of the City of Los Angeles, duly and regularly appointed thereto under civil service rules and regulations, and "whose duty it is to prevent or extinguish fires in the City of Los Angeles" (Charter of the City of Los Angeles, art. XVII, § 185). From such judgment defendants prosecute this appeal.

The factual background which gave rise to this litigation may be thus epitomized:

Plaintiff entered the service of the city of Los Angeles on July 5, 1921, as a machinist, appointed under civil service rules and regulations in the Engineering Department of the Board of Public Works. The Los Angeles City Fire Department at that time, and until 1937, did not operate a shop of its own in which to repair fire apparatus and equipment. Until 1937, apparatus and equipment of the fire department was repaired, maintained and rebuilt in the shop operated by the Board of Public Works and in which plaintiff worked.

From July 5, 1921, to February 4, 1929, plaintiff worked as a machinist, in the course of which employment he worked on the repairing, maintaining and rebuilding of fire department apparatus and equipment, and worked upon other automotive equipment owned and operated by other departments of said city.

On February 4, 1929, after successfully passing a civil service examination, plaintiff was appointed under civil service rules and regulations to the Fire Department of the City of Los Angeles as auto electrician. From the last-mentioned date to the time when the fire department acquired its own shop in 1937, plaintiff, in his capacity as auto electrician, worked exclusively on the repair, maintenance and rebuilding of fire department equipment and apparatus, and, according to his testimony, he would go to various fire stations of the department to do some of the work.

In 1937, the fire department acquired its own shop and from that time all fire department equipment and apparatus has been repaired, maintained and rebuilt in the fire department shop which is used exclusively for that purpose. From 1937 to 1941, plaintiff continued to work at his position of fire department auto electrician, doing his work in the fire department shop and continuing to devote all of his time exclusively and

solely to the repair, maintenance and rebuilding of fire department equipment and apparatus.

On April 7, 1941, plaintiff took, and successfully passed, an interdepartmental promotional civil service examination for the position of Fire Department Equipment Superintendent in the Los Angeles Fire Department. On November 1, 1941, he was regularly appointed, under civil service rules and regulations, to the civil service position in the Fire Department of the City of Los Angeles, known as Fire Equipment Superintendent of the Los Angeles Fire Department. Subsequently, the name of this position was changed to Superintendent of Automotive Equipment of the Los Angeles Fire Department.

Since November 1, 1941, plaintiff has been solely and exclusively engaged in the performance of the duties of the last-named position. The nature of his duties may be summarized by here setting forth special order number 2, issued by the Chief Engineer of the Los Angeles Fire Department, reading as follows:

"Walter A. Giese has been promoted to the position of Superintendent of Automotive Equipment of the Fire Department. By authority of this appointment he is placed in direct and complete control of the department shop and employees assigned to that division of the department. He will be obeyed and respected accordingly. John H. Alderson, Chief Engineer."

There is evidence that during his tenure in his present position, plaintiff has supervised the repair, maintenance and rebuilding of fire department apparatus, including fire pumps, fire engines, ladder trucks, chief's automobiles, fire boats, and all fire equipment, apparatus and automobiles used by the fire department of said city. There is also evidence that in the performance of his duties as Superintendent of Automotive Equipment, plaintiff is present at and assists in conducting and observing fire underwriters' tests of new fire apparatus and equipment; that he assists in the conduct of tests of the reconstructed and repaired trucks, pursuant to orders issued by the chief engineer, who is the chief administrative officer of the fire department. Plaintiff has given courses of lectures and studies on the operation and maintenance of fire apparatus and pump operations to the captains and engineers of the Los Angeles Fire Department.

Plaintiff has been furnished by said city with a fire department automobile for his own use, which is painted red with

the words "Fire Department of the City of Los Angeles" inscribed upon it. While his automobile does not carry a siren or red light, he has the privilege of passing through fire lines at conflagrations.

On April 1, 1942, without his request or consent, plaintiff was informed by the appellant Board of Fire Commissioners of the City of Los Angeles that he was no longer to be classified as a member of, or as holding a position in such fire department, entitled to the benefits of the Fire and Police Pension Fund of the City of Los Angeles, as provided in the aforesaid charter provisions, and that he and his position were thereafter to be classified under the City Employees' Retirement System.

Since November 1, 1941, defendants have caused to be deducted from plaintiff's salary the rate of contribution chargeable to the members of the City Employees' Retirement System. In that regard, it is noteworthy that, until November 1, 1941, plaintiff had continuously contributed to the Fire and Police Pension Fund and such contributions were accepted by defendants.

As the first ground of appeal, it is urged by appellants that the trial court erred in denying their motion that the court require respondent, as a part of this proceeding, to either assert any claim to credit under the Fire and Police Pension System, for the years he worked upon fire department apparatus and equipment as an employee of the Board of Public Works, for the period from July 5, 1921, to February 4, 1929, or to forever waive any such claim in the event he did not assert it at the trial.

Appellants contended at the trial, and now urge on appeal, that respondent's counsel "intimated or definitely stated" at the trial that if respondent was successful in the proceeding, he "might bring another action to have his status determined as being that of a person entitled to the benefits of the Fire and Police Pension System for the above-mentioned period while he, as such employee for the Board of Public Works, worked upon Fire Department apparatus and equipment."

In support of their argument, appellants urge that their motion should have been granted in order to avoid a multiplicity of suits with reference to the same subject matter, and in order to finally and fully determine respondent's status as a member of the fire department and his rights, if any, to the

benefits of the Fire and Police Pension System in one proceeding.

We fail to perceive wherein the well-known precept that equity abhors litigation by piecemeal and will prevent a multiplicity of suits by, whenever possible, settling and determining all differences between the parties and leaving nothing further to be litigated between them upon the same subject matter, can be successfully invoked in the instant proceeding. The question presented herein is not whether respondent has served the requisite number of years or otherwise qualified himself for retirement under the Fire and Police Pension System, and is presently entitled to be retired with a fireman's pension. The question posed on this appeal is whether, under his present position, respondent is currently entitled to be classified as a person entitled to a fireman's pension when he elects to go on the retired list. Respondent was, therefore, merely seeking a judicial declaration of his present existing rights under the Fire and Police Pension System and was not petitioning the court to order him retired with such a pension.

Section 1060 of the Code of Civil Procedure provides in part as follows:

"*Declaratory Relief.* Any person . . . who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, . . . He may ask for a declaration of rights or duties, *either alone or with other relief; and the court may make a binding declaration of such rights and duties, whether or not further relief is or could be claimed at the time.*" (Emphasis supplied.)

The ruling of the court would also seem to find support in the terms of section 1062 of the Code of Civil Procedure which reads:

"The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, *and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.*" (Emphasis added.)

Respondent was the sole occupant of the position of Superintendent of Automotive Equipment of the Los Angeles

Fire Department, and in this action sought only to settle his rights and to be afforded relief from uncertainty and insecurity with respect to his status and rights and his alone, under the pension system. The nature of the action and the code sections under which it was instituted impress us that the ruling of the trial court was not error and did not constitute an abuse of discretion.

Appellants' next contention is that the court erred in finding and determining that respondent, from July 5, 1921, to February 4, 1929, spent a substantial portion of his time working on, repairing, maintaining and rebuilding fire department apparatus and equipment. In this regard, appellants concede that respondent testified that the type of his work with the Board of Public Works from 1921 to 1929 was "working with fire apparatus, the majority of the work was on fire apparatus and part of it was on engineering department trucks." It must be remembered that during such period the fire department did not have any automotive equipment repair shop of its own and all of its repair and maintenance work was done in the shop maintained by the Board of Public Works in which respondent worked under an appointment made pursuant to civil service rules and regulations. Under sections 1844 and 1847 of the Code of Civil Procedure, the foregoing direct, uncontradicted and unimpeached testimony of respondent, if believed by the court, was sufficient to support the challenged finding. But appellants assert that they "carefully refrained from offering any testimony or evidence upon this subject matter and did not cross-examine petitioner upon his testimony relating thereto." This attitude upon the part of appellants was occasioned, they say, because of the fact that the court had denied their motion to order respondent, as a part of this proceeding, to either claim credit for said period to the benefits of the Fire and Police Pension System, or to forever waive any such claim. As heretofore pointed out, this action was not commenced to determine whether respondent was entitled to retirement and to presently receive a pension, but was brought to compel appellants to classify petitioner, as the judgment herein provides, "as a member of the Los Angeles Fire Department since February 4, 1929." That is all respondent sought, and that is all that the judgment establishes. The judgment contains no adjudication of respondent's rights for classification as a member of the fire department from 1921 to 1929. Nor do the conclusions of law deduced from the

findings of fact determine any controversy save and except that, since February 4, 1929, respondent has been and is a member of the Fire Department of the City of Los Angeles "within the meaning and purview of and entitled to the benefits of article XVII of the Charter of the City of Los Angeles."

Appellants' main ground of appeal is that the court erred in finding and determining that the respondent is a member of the fire department; that it is his duty to prevent and extinguish fires; and that it is his duty to attend fires.

With reference to appellants' argument that respondent's duties did not include attendance at fires, while the evidence is in conflict in that regard, it is nevertheless conceded that, as testified to by the Chief Engineer of the Fire Department, one of appellants' witnesses, respondent could be ordered to attend a fire. The chief engineer testified that respondent "cannot go to a fire while on duty, without orders." And there is in the record evidence that respondent did attend some fires during the time he has been in the city service.

Section 185 of the city charter provides that, for the purposes of the Fire and Police Pension System, the fire department ". . . shall consist of all persons duly and regularly appointed in the Fire Department under civil service rules and regulations whose duty it is to prevent or extinguish fires in the City of Los Angeles, under whatever designation they may be described in any salary or departmental ordinance providing compensation for said Fire Department."

Appellants insist that the unrefuted and uncontradicted testimony of the Chief Engineer of the Los Angeles Fire Department establishes that "in the language and parlance of the Fire Department, there is a difference between a 'member' and an 'employee'; that the word 'member' means a person in the uniformed rank of the Fire Department and does not include 'employees' or persons not of the uniformed rank"; that the rules and regulations of the fire department were prepared, written, reviewed, approved and adopted with that distinction between "member" and "employee" in mind. However, it is not the rules and regulations promulgated by the Chief Engineer of the Fire Department that determine respondent's status, but the charter provisions. And the Supreme Court in the case of *McKeag* v. *Board of Pension Commissioners*, 21 Cal.2d 386, 389 [132 P.2d 198], said:

"In the absence of a special definition of membership in a pension statute, no unique or exclusive group is connoted by the use of the word 'member.' Under such circumstances it has been held that the word 'member' in pension statutes is synonymous with the word 'employe'."

The case just cited involved a construction of the precise charter provisions now before us, and the Supreme Court held that such provisions were not limited in their application to those only who engage directly in the physical act of extinguishing or preventing fires. The test is thus stated by the court at page 391: "We think, therefore, that all that is required under section 185 to constitute an employee a member of the fire department is *that his duties have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires* in the city of Los Angeles."

In the last cited case, the duties of the employee included the keeping of records, contact with the public, advising of fire prevention measures, receiving information regarding fire hazards, making personal investigations and ordering the remedying of conditions, drafting legislation and rules for safeguarding against fires, and attending the scenes of fires to convey information and to make records of conditions for later fire prevention legislation and rules.

In the case of *Knoll* v. *City of Los Angeles,* 21 Cal.2d 396 [132 P.2d 203], it was determined that the employee, whose duty it was to keep statistical records of fires, was entitled to a pension under the Fire and Police Pension System. And it has been judicially determined that a fireman's pension must be given to a blacksmith's helper (*Hurley* v. *Sykes,* 69 Cal.App. 310 [231 P. 748]) and to a fire department painter (*Haas* v. *City of Los Angeles,* 21 Cal.2d 393, 394 [132 P.2d 201]).

In the light of these cases, we have no hesitancy in saying that the trial court's finding that respondent herein was an employee of the fire department, whose duties have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires in the city of Los Angeles, is abundantly supported by the evidence.

Respondent's duties were in part prescribed by the 1934 rule book in which sections 213 to 219 governing his position as Superintendent of Automotive Equipment provide:

"Section 213: The Superintendent of Automotive Equipment shall have direct supervision of shop equipment and those employees assigned to him and shall, with the approval of

the Chief Engineer, establish the necessary rules for efficient control.

"Section 214: He shall have supervision of the rebuilding, repair and general overhauling of apparatus and equipment.

"Section 215: He shall supervise the testing of new and repaired apparatus, raising devices, etc., before they are put into service.

"Section 216: He shall assist in training programs when ordered by the Chief Engineer.

"Section 217: He shall make routine reports and recommendations, and any others requested or necessary for the good of the service.

"Section 218: He shall cause to be kept proper records of the activities of the Mechanical Division.

"Section 219: He shall perform such other duties and related work as required."

Manifestly, if respondent did not efficiently operate the repair shop of which he was in charge, the extinguishing of fires in the city of Los Angeles would be seriously impaired. It is also without contradiction in the record that respondent, at the direction of the chief engineer, prepared and delivered a course of lectures and instructions to the uniformed fire fighters to familiarize them with the operation of pumps and other fire extinguishing equipment.

Appellants next contend that the trial court erred in denying their motion to bring in, as parties of this proceeding, all employees in the machine shop of the fire department who actually do the work which respondent supervises. We cannot see wherein the rights of others employed under respondent's supervision in the fire department machine shop were in any way affected or prejudiced by the instant action or the judgment rendered therein. This for the reason that respondent is the sole and only occupant of the position of Superintendent of Automotive Equipment, and, as heretofore noted, the question presented to the court was limited to a determination of whether the duties of the occupant of this single position have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires. Other employees, occupying different classifications and performing different tasks, not being bound by the judgment declaring respondent's rights in the position and classification he occupies, were not necessary or even proper parties. Appellants' motion was properly denied.

Appellants' final contention is that the court erred in finding and determining that the written declaration executed and filed by respondent, on or about November 28, 1941, with the Board of Administration of the City Employees' Retirement System, did not cause respondent to become a member of said Employees' Retirement System. In this regard, the record discloses the following as having occurred at the trial:

"MR. SCOTT (One of Counsel for respondent) : May I offer a stipulation, if they are willing to stipulate that at the time he signed this so-called declaration to the Board of City Employees' Retirement Association System, he did not waive his rights to being a member of the Fire and Police Pension System and his rights under that system?

"MR. TULLY (Deputy City Attorney) : That is correct."

Following such stipulation, the court, upon motion of appellants themselves, ordered that their defense based upon waiver be stricken from their answer. Similar action was taken as to all testimony relating to the subject of waiver. Appellants, therefore, were not prejudiced in any way by the aforesaid finding and determination that the waiver in question did not deprive respondent of his right to assert his claim for a pension under the Fire and Police Pension System. In their briefs, appellants concede that respondent did not waive any rights to his membership in the Fire and Police Pension System in filing his declaration with the City Employees' Retirement System, and that should the court determine, as it did, that respondent was entitled to the benefits of the Fire and Police Pension System, his application for membership in the City Employees' Retirement System was without any force or effect.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.