## Abrams v. Colonial Life Insurance Company

*Louis Sager*, for petitioner.

*Richard L. Grossman*, for respondent.

HONEYMAN, J., May 12, 1966.—Plaintiff, David Abrams, a former employe of defendant, Colonial Life Insurance Company, requests in his petition for a declaratory judgment that this court determine whether upon plaintiff's reaching age 65 (plaintiff is presently 55 years of age), defendant must pay to him certain retirement benefits.

Defendant filed preliminary objections to plaintiff's petition, the first two of which have been disposed of by stipulation. The remaining objections raise questions as to whether the petition involves a matter appropriate for declaratory judgment and, if found to be appropriate, whether the petition on its face fails to state a cause of action against defendant.

The petition states that petitioner was employed by defendant for more than 31 years, 22 of which were entitled to credit under the noncontributing retirement plan. He was asked to leave defendant's employment in 1964 when petitioner was 53 years of age. The noncontributory retirement plan (hereafter called "plan") provides that employes will retire and receive benefits upon attaining age 65, if they are then employed, unless they are earlier totally and permanently disabled. The plan also provides that employes who leave the company after having attained the age of 55 can have their allocations applied to the purchase

of an annuity which will begin to make payments to them when they attain age 65. Defendant alleges that since petitioner is not age 65, is not totally and permanently disabled and did not attain the age of 55 prior to termination of employment, it would appear that he does not come within the provisions of the noncontributory retirement plan.

Under section 2 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §832, as amended, it is provided that:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder".

Plaintiff is not asserting any rights under a "written contract" or under any "other writings constituting a contract". The plan is a voluntary declaration by the corporation that certain retirement benefits would be granted to those of the company's employes who meet the prescribed qualifications. The entire cost of the plan is borne by the company with no contributions being made by the employes. But, the Pennsylvania Supreme Court has stated in Lowe v. Jones, 414 Pa. 466, 469 (1964):

"It is rather well established now that pensions are not gratuities but payments made as deferred compensation for services already rendered. A wage-earner's pension is not something which miraculously falls to him as manna from the sky. It is the fruit of the tree which he has planted, which he has nurtured with his continuous loyal service and watered with the sweat of his years of dedicated work".

Under the above reasoning, this court feels that a noncontributing pension plan must be included in the scope of items mentioned in the Uniform Declaratory Judgments Act.

Since the plan is within the scope of the Uniform Declaratory Judgments Act, it is necessary to see if the petition raises matters which are proper subjects for declaratory judgment. It has long been the law of Pennsylvania that the authority of the court to grant a declaratory judgment lies within its sound discretion. Section 6 of the act, 12 PS §836, as last amended by the Act of July 25, 1963, P. L. 305, sec. 1, which is entitled "Discretionary", modifies all of the provisions of the uniform act and makes it clear that the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of the court of original jurisdiction. This principle was cited in Greenberg v. Blumberg, 416 Pa. 226, 228 (1965). The statute provides in part, 12 PS §836:

"Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or

decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. . . ."

A consideration of the facts mentioned in plaintiff's petition will show that *none* of the standards above mentioned for granting of this extraordinary type of relief are satisfied in the case before this court.

There is not an "actual controversy" existing between the parties. Plaintiff's petition states that he was 53 years of age when he left the employment of defendant during 1964. He will not attain the age of 65 for approximately 10 more years. No payments can be made to him in the time period before plaintiff attains the age of 65. The term "actual controversy" would not apply to the present factual situation. As was said in Johnson Estate, 403 Pa. 476, 488-89 (1961) :

"However, a declaratory judgment must not be employed for the determination of rights in anticipation of an event or events which may never occur, or for the consideration of moot cases or as a medium for the rendition of advisory opinions (Kariher's Petition (No. 1), 284 Pa. 455, 131 A. 265)".

An actual controversy, therefore, must be a present controversy which, under the petition, is not what is before the court.

Similarly, there are no "antagonistic claims . . . which indicate imminent and inevitable litigation". Since no payments can occur until approximately 10 more years, even if the present claim were construed as "antagonistic", the litigation which might possibly arise as to actual payments is hardly "imminent", nor is any such litigation inevitable, for the obvious reason that there is no assurance that petitioner will survive to age 65 and be in a position to demand payments to him from the retirement fund. In Giese v. City of Los Angeles, 77 Cal. App. 2d 431, 175 P. 2d 562 (1946), a case in which the city defendant sought from the court a declaratory judgment to resolve the issue whether,

at a certain future date, the plaintiff-employe would be entitled to retirement benefits, the court refused to grant the declaratory judgment for the reason that plaintiff's alleged rights might never arise. Pennsylvania would come to a similar decision, since both States apply the standards of the imminence and inevitability of a controversy.

The third category mentioned in the statute under "discretion", requires petitioner to have a "concrete interest". There is no question but that petitioner has asserted a legal relation with respect to the "plan" and that this assertion has been challenged. However, it would seem that there is no "concrete" interest, since there is no assurance that petitioner will survive to age 65. The right to recover at a time certain would give plaintiff a concrete interest. This is not the case. The commentary appearing in 12 Purdon's Statutes, on the subject of declaratory judgment, and written by Professor A. Leo Levin, states with respect to this subject, page XXXII:

"Two practical considerations militate against judicial intervention while the contingencies are too remote. First is the danger of overburdening the judiciary with cases which might otherwise never be litigated, and the litigation of which accomplishes no particular good. Crowded dockets, and the resultant delays, affect not only the judges, but all litigants who are forced to wait their turn. Second, under our system of jurisprudence, courts adjudicate in context and not in *vacuo;* they decide concrete cases and, by constitutional limitation, refuse to render opinions before the facts have sufficiently developed".

Lastly, if and when plaintiff attains the age of 65, he will have an adequate remedy in assumpsit against defendant if benefits are then denied to him. He cannot now seek a declaratory judgment when, at the proper time, he can effectively utilize a remedy at

law: Carlsson v. Pennsylvania General Insurance Company, 417 Pa. 356 (1965).

Thus, since petitioner has failed to raise issues which come within the scope of the Uniform Declaratory Judgments Act, the preliminary objections to plaintiff's petition for a declaratory judgment must be sustained.

### ORDER

And now, May 12, 1966, after oral argument before the court and upon consideration of the briefs of counsel, defendant's preliminary objections to plaintiff's petition for a declaratory judgment are sustained, and plaintiff's petition is dismissed.