Maust *v.* Fireman's Relief Association of Washington, Pennsylvania, Appellant.

Argued March 19, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Frank C. Carroll*, with him *McIlvaine and Carroll*, for appellant.

*John Solomon*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

This matter comes before us on appeal by The Fireman's Relief Association of Washington, Pennsylvania (the Association), after the dismissal of their exceptions and the entry of judgment pursuant to an order by the court that Harry P. Maust, Jr., appellee, was

entitled to receive a retirement benefit from the Association by virtue of being a member of the Fire Department and the Association for a period of twenty years and a retiree.

The bylaws of the Association provide, in part, as follows: "Sec. 4. Any member of the Association who serves as an employee of the Fire Department for a period of twenty (20) years or more from and after the date of the organization of the paid Fire Department, shall be eligible to retire on a pension of no less than Seventy-five ($75.00) Dollars a month, or if a said member was paid in excess of One Hundred and Fifty ($150.00) Dollars a month, then one-half the salary received by such member from the City of Washington, Pa., as a member of the Fire Department, at the time of his retirement from service."

The Association presents two alternative reasons for its contention that appellee is not entitled to the pension. First, it argues that after July of 1964, when appellee, who had been injured in a fire some time prior and had been off work by virtue of the injury, returned to work, he was no longer a "fireman" because his time, until he retired in 1968, was primarily spent as a firebox inspector and a fire inspector, who only secondarily "fought fires" and only at the instance or request of the chief. In the Association's view, a fireman is limited to those people who fight fires by pulling hose, or squirting water, or driving a truck. It relies on Black's Law Dictionary, Fourth Edition, 1951, which defines "Fireman" as follows: "A person engaged in the fighting and extinguishment of fires. City of Galveston v. Frederickson, Tex. Civ. App., 174 S.W. 2d 994, 995."

How this definition leads the Association to conclude that "fighting fires" is limited to fighting them by pulling hose, squirting water, or driving a truck is

hard to fathom. Fire fighting has become much more complicated in the modern technological world. A careful reading of the record indicates that the City of Washington, in order to comply with Federal Redevelopment Regulations, adopted a Fire and Housing Inspection Code and appointed appellee as Fire Inspector and Housing Inspector in addition to his regular duties. During the period from 1964 to 1968, he was still an employee of the Fire Department, under the command of the Fire Chief, performing all duties requested of him. In addition, he was a dues-paying member of the Association, which gave no indication that it did not consider him a full-fledged member, even though much of his time was spent performing duties which, while connected with fire fighting, were not the traditional duties of a fireman. We see no reason to disturb the court's finding that appellee was indeed a "regularly appointed member of the paid Fire Department" as those words are used by the bylaws.

The Association's second alternative reason for denying appellee his pension is that he is not really "retired." The Association argues that appellee cannot be considered "retired" because as the City's Chief Electrician (to which post he was appointed after his retirement) he performs some of the same duties he performed in his latter years with the Fire Department, i.e., the inspection of fire-alarm equipment and fire boxes. However, he also does work which was never done for the Fire Department, such as work on traffic signals, supervision of street painting, and other general electrical work for the City's newly created Department of Public Safety. *McBride v. Allegheny Co. R. Bd.*, 330 Pa. 402, 199 Atl. 130 (1938), which the Association cites in support of its argument, is inapposite. Appellee was not "re-employed in the same position," as those words were used in that case. Here,

the City has undergone an administrative reorganization. The creation of appellee's new job as Chief Electrician with responsibilities to all agencies within the Safety Department, not just the Fire Department, means that he is no longer in the active service of the Fire Department, as those words are used in the bylaws.

It should also be noted that appellee seeks retirement benefits from the Association, and not from the City of Washington. The City of Washington has no pension fund for firemen. The Firemen's Pension Fund is operated by the Association, with no control exercised by the City and no funds provided to it by the City.

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

___

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority has correctly concluded that appellant's situation falls within Section 4 of the Fireman's Relief Association bylaws.

I believe, however, that any legally enforceable right thus created in appellee should *not* be satisfied with state revenues contributed to the firemen's pension fund under the Act of June 28, 1895, P. L. 408, §2, as amended, 72 P.S. §2262. See *Firemen's Relief Ass'n of Washington v. Minehart,* 430 Pa. 66, 241 A. 2d 745 (1968) ; *Volunteer Firemen's Relief Ass'n of Reading v. Minehart,* 425 Pa. 82, 227 A. 2d 632 (1967).

Although appellee unquestionably terminated his service with the fire department, he did not retire from public service but instead continued to work for the same municipal employer in the position of Chief Electrician. Accordingly, he should not contemporaneously

receive a salary and pension both funded by public resources. Such a windfall at the taxpayers' expense is not to be countenanced.

Mr. Chief Justice BELL joins in this concurring and dissenting opinion.