Honorable Hal H. Hood Firemen's Pension Commissioner 503-F Sam Houston State Office Building Austin, Texas 78701
Re: Eligibility for membership in Firemen's Relief and Retirement Fund.
Dear Commissioner Hood:
You have requested our opinion regarding the scope of religibility for participation in the Firemen's Relief and Retirement Fund under article 6243e, V.T.C.S.
A broad and liberal interpretation should be given to the construction of a pension law in order to achieve the beneficial intentions of the legislature. Board of Firemen's Relief and Retirement Fund Trustees v. Marks, 237 S.W.2d 420
(Tex.Civ.App.-Austin 1951), rev'd on other grounds,242 S.W.2d 181 (Tex. 1951) (claim for disability pension). Article 6243e makes numerous references to `duly appointed and enrolled' firemen. No precise definition is given for a `fireman,' although that term is defined in other pension statutes as `an active member of a regularly organized fire department of an incorporated city.' V.T.C.S. arts. 6243e.1 § (2), 6243e.2 § (2). We believe that an individual need not be engaged in the actual task of fighting fires in order to be a fireman for purposes of article 6243e. We are led to this conclusion in part by the language of section 2 of article 6243e.2. That section requires that, in certain large cities the Board of Trustees who administer the pension fund be composed of representatives from: (1) the `Suppression Division' of the fire department, (2) the division whose members devote full time to prevention and investigation of fire or are permanently assigned to the `Record Division or Fire Chief's Office,' and (3) the `Fire Alarm Operators Division or the Fire Department Repair Division.' The same reference to these three categories was found in article 6243e when that statute applied to larger cities. Acts 1957, 55th Leg., ch. 275. We think that this representation on the board of trustees reveals the intended scope of participation in the pension plan. Comparable conclusions have been reached by courts of other states faced with construing pension statutes for firemen. Quinn v. Retirement Board, 289 N.E.2d 117, 122 (Ill.App. 1972) (fire commissioner was a fireman although not activity engaged in fire fighting); Maust v. Firemen's Relief Assoc.,282 A.2d 239, 240 (Pa. 1971) (actual fire fighting not required to obtain pension rights); Leffingwell v. kiersted, 65 A. 1029, 1030
(N.J. 1907); Knoll v. City of Los Angeles, 132 P.2d 203 (Calif. 1942) (clerical worker who prepared statistical data was member of fire department for pension purposes). But see Thatcher v. Hogan, 121 N.E.2d 130 (Ohio Ct. Com. Pleas 1954) (lineman cable splicer ineligible for fireman pension plan).
We caution however, that not every employee on a fire department may be considered a member of that department for pension purposes. We believe one's employment must bear a significant relationship to the duties of a fire department which is a question of fact we cannot determine in the opinion process. See Firemen's and Policemen's Civil Service Comm. v. Wells,306 S.W.2d 895 (Tex. 1957) (janitor of police department was not engaged in the active duties of law enforcement and thus was ineligible for pension).
You also ask who determines eligibility. It is our opinion that eligibility to participate in the pension fund is determined in the first instance by the Board of Trustees, established by section 3 of article 6243e, whose duties include the authority to
 receive, handle and control, manage, and dispure such Fund . . . [and] to hear and determine all applications for retirement, claims for disability, either partial or total, and to designate the beneficiaries or persons entitled to participate therein. . ..
 SUMMARY
All members of a fire department whose duties include the prevention, suppression, investigation, maintenance and related clerical work are eligible to participate in the Firemen's Relief and Retirement Fund. Eligibility is determined by Board of Trustees.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee